No. 2-08-0532    Filed: 4-16-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re WESTLEY A.F., JR., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Lee County. |
| | ) | |
| | ) | No. 07--JD--72 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Westley A.F., Jr., | ) | Jacquelyn D. Ackert, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

Following a plea of guilty, respondent, Westley A.F., Jr., was adjudicated delinquent as to the offense of unlawful delivery of a controlled substance within 1,000 feet of a church, school, or park (720 ILCS 570/407(b)(2) (West 2006)) and sentenced to 12 months of probation. Soon thereafter, the State petitioned to revoke respondent's probation, and the trial court advised respondent about the minimum and maximum penalties that could be imposed. At a later hearing date, respondent admitted to violating the terms of his probation, and the court sentenced him to the Department of Juvenile Justice for an indeterminate period. After sentencing, defense counsel orally moved the court to reconsider respondent's sentence without specifically citing any basis upon which to do so. The court denied the motion, and this timely appeal followed. On appeal, respondent argues that (1) the court's judgment must be vacated and the cause remanded because when it accepted his admission to violating the terms of his probation the court failed to advise respondent about the minimum and maximum penalties that could be imposed and (2) his trial counsel was

ineffective for failing to raise any issues when counsel orally moved to reconsider respondent's sentence. We affirm.

On May 30, 2007, the State filed a three-count petition to adjudicate respondent delinquent. On June 18, 2007, at the first hearing held on the petition, the trial court advised respondent about the minimum and maximum penalties that could be imposed if respondent were adjudicated delinquent. Specifically, the court stated:

"If you were to be found delinquent the following types of sentencing orders may be entered. You could be put on probation or conditional discharge and released to your parents, guardian or legal custodian. You could be required to undergo a substance abuse assessment conducted by a licensed provider and participate in the indicated clinical level of care. You could be placed in detention for a period not to exceed thirty days either as the exclusive order of disposition, or where appropriate, in conjunction with any other order of disposition entered under this paragraph provided that any such detention shall be in a juvenile detention home and the [respondent] so detained shall be ten years of age or older. You may be ordered partially or completely emancipated in accordance with the provisions of the Emancipated Minor's [sic] Act. You may have your driver's license or driving privileges suspended for a time as determined by the Court but only until you attain the age of 18. You may be committed to the Illinois Department of Corrections Juvenile Division for no longer than until up to your 21st birthday."

When asked if he understood the possible orders that could be entered, respondent replied, "Yes."

Respondent subsequently agreed to plead guilty to the third count of the petition, unlawful delivery of a controlled substance within 1,000 feet of a church, school, or park, in exchange for the

dismissal of the other two counts. The court sentenced respondent to 12 months of probation. Conditions of respondent's probation included, among other things, that respondent "remain free of alcohol and illicit drugs" and that respondent "report [to the probation department] any [address and phone number] changes within two business days."

On April 22, 2008, the State petitioned to revoke respondent's probation because, among other things, (1) respondent tested positive for cocaine in April 2008; (2) in the summer and fall of 2007 and the spring of 2008 respondent tested positive for cannabis; (3) in the spring of 2008 respondent tested positive for amphetamines; and (4) in the spring of 2008 respondent moved and failed to notify probation of the move within two business days. On April 28, 2008, at the first hearing on the petition, the court advised respondent about the penalties that could be imposed. Specifically, the court admonished:

"If the court revokes the [respondent's] probation, the following kinds of sentencing orders may be entered. The [respondent] may be put on probation or conditional discharge and released to his parents, guardian or legal custodian. The [respondent] may be placed in accordance with Section 5--740 with or without also being put on probation or conditional discharge. The [respondent] may be required to undergo a substance abuse assessment conducted by a licensed provider and participate in the indicated clinical level of care. The [respondent] may be placed in detention for a period not exceeding thirty days. The [respondent] may be ordered partially or completely emancipated in accordance with the provision of the Emancipated Minors Act. The [respondent] may have his driver's license or driving privileges suspended for such time as determined by the Court but only until he

attains the age of 18. The [respondent] may be committed to the Illinois Department of Corrections Juvenile Justice Division, until his 21st birthday."

When respondent was asked whether he understood what the petition alleged and the types of sentencing orders that could be entered, respondent replied, "Yes."

On May 19, 2008, respondent admitted to violating the terms of his probation by testing positive for various controlled substances and failing to timely report his new address to probation. The court accepted respondent's admission. The court did not advise respondent of the minimum and maximum penalties that could be imposed. At the sentencing hearing held on June 9, 2008, it was revealed that respondent, who was an admitted drug addict, had struggled with his addiction for the last eight years but had, within the last week, refrained from using drugs. Both respondent and his mother testified about the withdrawals that respondent had endured the week prior to the hearing. Respondent further testified that it was his understanding that the State would recommend that he be sentenced to the Department of Corrections. After the court sentenced respondent to the Department of Juvenile Justice for an indeterminate period, respondent informed the court that he was "not a violent person," that he had "not done anything except for use drugs," that he "[does not] like [using drugs]," and that he had not "got[ten] high all week." Upon hearing these statements, the court urged respondent to continue to treat his addiction problems and denied respondent's request that he "go into [the Department of Corrections] as a court eval [sic] and come back [to court] and have [the court] check on [respondent's] progress." The following exchange was then had:

"MR. DOWNEY [Defense Counsel]: Your Honor, I don't have that paperwork. [Respondent] would ask to--we'd make an oral Motion to--for the Court to reconsider. I can

follow up with a written Motion. We have no problem with the Court going ahead and reconsidering it now or going--and we would waive any argument.

THE COURT: To reconsider the sentence now?

MR. DOWNEY: Correct.

THE COURT: There's nothing further you wish to offer?

MR. DOWNEY: There's not other than what you've already heard.

THE COURT: The Court would deny the oral Motion to Reconsider sentence.

MR. DOWNEY: And then the next issue would be he wishes to appeal just the sentence, not--so we're not filing a Motion to Vacate.

THE COURT: Okay.

MR. DOWNEY: It would just be an appeal on the sentence. I can, again, prepare that paperwork and submit it to the Court. I don't know if the Court wants to accept that now, obviously, he won't be able to sign it. Does the Court want me to sign it for him?

THE COURT: You can sign it on his behalf.

MR. DOWNEY: Okay. I will do that. But again, it's only on his sentence, it is not on the other.

THE COURT: Okay. Anything further?

MR. DOWNEY: No, Your Honor."

A notice of appeal was filed immediately thereafter. No written motion to reconsider respondent's sentence was ever filed.[1]

---

[1]We note that, in his reply brief, respondent takes the position that a written motion to reconsider was filed. A review of the record reveals that no such motion was ever filed.

On appeal, respondent raises two issues. He argues that the trial court's judgment must be vacated and this cause remanded because when the trial court accepted his admission to violating the terms of his probation it failed to advise him about the minimum and maximum penalties that could be imposed. In the alternative, respondent argues that his trial counsel was ineffective for failing to raise any issues in the oral motion to reconsider his sentence. We consider each argument in turn.

The first issue we address is whether error arose when the trial court failed to advise respondent about the minimum and maximum penalties before the court accepted respondent's admission to violating the terms of his probation. Before considering the merits of that issue, we first address whether respondent has forfeited review of that argument by failing to raise it in the trial court. We determine that respondent's failure to raise it below does not prevent us from considering the issue, because one of the procedural protections to which a probation-revocation respondent is entitled is a clear explanation of the sentencing range he faces. See People v. Ellis, 375 Ill. App. 3d 1041, 1048 (2007) (although the defendant did not raise issue at trial, appellate court nevertheless considered whether the trial court erroneously admonished the defendant about the minimum and maximum penalties that could be imposed if his probation were revoked). We simply cannot "place the onus on [respondent] to ensure his own admonishment in accord with due process." People v. Whitfield, 217 Ill. 2d 177, 188 (2005).

Turning to the merits, we first observe that minors in delinquency cases are entitled to the same due process protections as adults who face criminal charges. See 705 ILCS 405/5--101(3) (West 2008) (minors shall have "all the procedural rights of adults in criminal proceedings" unless specifically precluded by laws enhancing minors' protection). Thus, because an adult must be

admonished under Supreme Court Rule 402A(a) (210 Ill. 2d R. 402A(a)) before his probation may be revoked (Ellis, 375 Ill. App. 3d at 1046), a minor, likewise, is entitled to such admonishments. Under Rule 402A(a), a trial court:

"[S]hall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:

(1) the specific allegations in the petition to revoke probation, conditional discharge or supervision;

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision."  210 Ill. 2d R. 402A(a).

The goal of Rule 402A admonishments is to ensure that the respondent understands his admission, the rights that the respondent is waiving, and the potential consequences the respondent faces by admitting a probation violation.  Ellis, 375 Ill. App. 3d at 1046.  Only substantial compliance with Rule 402A is required.  Ellis, 375 Ill. App. 3d at 1046-47.  Substantial compliance is an "affirmative showing in the record that the [respondent] understood each of the required admonitions."  Ellis, 375 Ill. App. 3d at 1046.

Although literal compliance with Rule 402A is preferred, substantial compliance is achieved in ways other than reciting all of Rule 402A to a respondent when the respondent admits to violating probation.  People v. Dennis, 354 Ill. App. 3d 491, 496 (2004).  In determining whether substantial compliance was had, courts consider the entire record, including what transpired at earlier proceedings.  Dennis, 354 Ill. App. 3d at 496.  Each case must be considered on its own unique facts, with the main focus being on the length of time between the admonishments and the admission to violating probation.  Dennis, 354 Ill. App. 3d at 496.  We review de novo whether a trial court complied with Rule 402A.  Ellis, 375 Ill. App. 3d at 1046.

With these principles in mind, we consider whether substantial compliance with Rule 402A was had.  Before respondent pleaded guilty to unlawful delivery of a controlled substance within 1,000 feet of a church, school, or park, the trial court advised him about the various penalties that could be imposed.  Respondent was asked whether he understood the sentencing orders that could be entered, and respondent indicated that he did.  Then, after the State filed a petition to revoke respondent's probation, the court likewise recited what penalties it could impose if respondent's

probation were revoked. Like before, respondent indicated that he understood the sentencing orders that the court could enter if the court revoked respondent's probation. Less than one month later, respondent admitted to violating the terms of his probation. When respondent made this admission, the court did not advise him about the various sentencing orders that could be entered. Although admonishing respondent about the minimum and maximum penalties when it accepted the admission would have been the best practice for the court to follow, and although we encourage trial courts to adopt such a practice (see Dennis, 354 Ill. App. 3d at 496, quoting People v. Ray, 130 Ill. App. 3d 362, 365 (1984)), the court's failure to do so here is not fatal. Rather, given the short period of time between when respondent was admonished and when he admitted to violating his probation, and the fact that respondent was similarly admonished when he pleaded guilty, we determine that an ordinary person in respondent's position would have understood the sentencing range he faced. Dennis, 354 Ill. App. 3d at 496 (court found substantial compliance with Rule 402A given frequency of the admonishments and the fact that the defendant was last advised only one month prior to his admission).

The next issue we address is whether respondent was denied the effective assistance of counsel when counsel failed to raise any issues in his oral motion to reconsider respondent's sentence. A respondent facing the revocation of probation is entitled to the effective assistance of counsel. See 730 ILCS 5/5--6--4(c) (West 2008); People v. Lindsey, 199 Ill. 2d 460, 476 (2002). Under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), a respondent claiming ineffective assistance of counsel must show that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068. "Where it is possible to resolve an ineffective assistance claim on the basis of the second prong of the test--that the [respondent] suffered no prejudice as a result of counsel's allegedly defective performance--the claim may be decided against the [respondent] without consideration of whether counsel's performance was actually deficient." People v. Pulliam, 206 Ill. 2d 218, 249 (2002). We review respondent's claim of ineffective assistance of counsel de novo, as the facts surrounding the claim are undisputed and the issue was not raised in the trial court. People v. Wilson, 392 Ill. App. 3d 189, 197 (2009).

Here, respondent argues that the perfunctory motion to reconsider "forfeited any and all sentencing issues [he could have raised] on appeal." However, respondent fails to provide a single concrete example of an issue that counsel should have raised in his motion to reconsider. Because respondent fails to raise any such argument, he has not shown that he was prejudiced by counsel's actions.

Instructive on this point is People v. Henderson, 217 Ill. 2d 449 (2005). In Henderson, it was undisputed that the defendant was not properly admonished about how to perfect an appeal of sentencing issues. Henderson, 217 Ill. 2d at 454. The defendant argued that, because of this error, he was entitled to an automatic remand so that he could move to reconsider his sentence. Henderson, 217 Ill. 2d at 457-58. The supreme court rejected this claim, because the defendant had not demonstrated prejudice due to the faulty admonishments. Henderson, 217 Ill. 2d at 459, 467-68. Specifically, the defendant did not specify any issues that he would have raised had he been properly admonished. Henderson, 217 Ill. 2d at 467-68. We reach the same conclusion here. Respondent has not shown prejudice from his counsel's handling of the motion to reconsider, as respondent has

failed to inform this court of any sentencing issue he would have raised. Henderson, 217 Ill. 2d at 468. In reaching this conclusion, we find People v. Brasseaux, 254 Ill. App. 3d 283 (1996), on which respondent relies, distinguishable. In Brasseaux, the defendant entered negotiated pleas of guilty in four separate cases. Brasseaux, 254 Ill. App. 3d at 284. After the pleas were accepted and the agreed-upon sentences imposed, the defendant moved pro se to reconsider his sentences. Brasseaux, 254 Ill. App. 3d at 286. The motion, which resembled a notice of appeal, raised no allegations of error and contained no prayer for relief. Brasseaux, 254 Ill. App. 3d at 286. The defendant was not present at the hearing on his motion, and his newly appointed counsel, without contacting the defendant to discuss the viability of any claims, failed to amend the motion. Brasseaux, 254 Ill. App. 3d at 289. The trial court denied the motion, a notice of appeal was filed, and the defendant sent the trial court a letter that "list[ed] facts which [the defendant] thought warranted the imposition of lesser terms." Brasseaux, 254 Ill. App. 3d at 287. On review, this court held that counsel was ineffective for failing to consult with the defendant when, given the facts of that case, "[t]here [was] a reasonable probability that the result of the hearing would have been different had [counsel] contacted the defendant, discussed [the defendant's] claims, amended the pro se 'Motion to Reconsider Sentence,' and effectively argued the motion." Brasseaux, 254 Ill. App. 3d at 289.

Respondent and the defendant in Brasseaux are not in the same position. In Brasseaux, the defendant identified claims that we held might have changed the result had counsel investigated and pursued them on the defendant's behalf. Here, as noted, respondent has identified no such claim. Without knowing what counsel allegedly should have said in his motion to reconsider, we obviously cannot hold, as we did in Brasseaux, that counsel's saying so likely would have changed the result of the hearing.

Thus, for these reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

O'MALLEY and JORGENSEN, JJ., concur.