**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190617-U

Order filed July 16, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0617 Circuit No. 19-CF-56 |
| | ) | |
| DAMON J. NIETHE, | ) ) | Honorable William E. Poncin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

**ORDER**

¶ 1     *Held*:   (1) Defendant waived his constitutional right to travel by agreeing to a specific geographic restriction as a condition of his conditional discharge pursuant to a fully negotiated guilty plea agreement. (2) The circuit court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) where it affirmatively misadvised defendant concerning the applicable sentencing range at the time he admitted to the allegations in the petition to revoke.

¶ 2     Defendant, Damon J. Niethe, appeals the order of the McDonough County circuit court revoking his conditional discharge and resentencing him to four years' imprisonment. Specifically, defendant argues that (1) a travel restriction imposed as a condition of his

conditional discharge, which he allegedly violated, was unconstitutional, and (2) the court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) where it misadvised him regarding the applicable sentencing range at the time it accepted his admission to the petition to revoke his conditional discharge. We reverse and remand with directions.

¶ 3                                                    I. BACKGROUND

¶ 4        Defendant was charged with four counts of theft (720 ILCS 5/16-1(a)(1)(A), (a)(4)(A) (West 2018)) for allegedly stealing an all-terrain vehicle from Daniel and Robin Ballard. Two counts of theft were charged as Class 3 felonies, and the other two counts were charged as Class 4 felonies.

¶ 5        Defendant pled guilty to one count of theft, which had been charged as a Class 3 felony, in exchange for the State's agreement to dismiss the remaining counts and to a sentence of two years of conditional discharge and 180 days in the county jail. Among the terms of defendant's conditional discharge were that he would have no contact with the victims and that he would stay 50 miles away from their residence in Adair, Illinois, "at all times." The requirement that defendant stay 50 miles away from the victims' residence was to take effect 48 hours after his release from jail "to give him time to get his things together." The record indicates that defendant was a resident of McDonough County prior to the plea agreement.[1] The court asked defense counsel if this was the agreement, and defense counsel said that it was.

¶ 6        The State gave a factual basis for the plea. The court admonished defendant that the offense to which he was pleading guilty was a Class 3 felony that was punishable by two to five years' imprisonment. The court asked defendant if he had read and understood the paperwork

---

[1]An affidavit of assets and liabilities filed by defendant stated that defendant lived in Bushnell, Illinois, and defendant's motion to reduce bail filed by defendant indicated that he was a long-time resident of McDonough County.

2

prepared for the plea hearing, and defendant said he had. The court then asked defendant if he had understood everything about the hearing so far, and defendant said he had. Defendant stated that he had authorized defense counsel to engage in plea negotiations on his behalf, and he was satisfied with his counsel's performance. After admonishing defendant concerning the trial rights he was giving up, the court asked defendant if he was pleading guilty to the charge. Defendant said he was. The court found that defendant's plea was freely and voluntarily made and that defendant understood the nature and consequences of making the plea. The court accepted the plea and sentenced defendant in accordance with the plea agreement.

¶ 7        Approximately six weeks after the guilty plea hearing, the State filed a petition to revoke conditional discharge. The petition alleged that defendant violated the terms of his conditional discharge in that he was present at a public pool in Bushnell, which was within 50 miles of the victims' residence.

¶ 8        Defendant appeared before the court and indicated that he wished to admit to the allegations in the petition to revoke and waive his right to a hearing on the petition. The court admonished defendant concerning his right to a hearing on the petition to revoke. The court advised defendant that he could be resentenced within the penalty range for the initial charge if he were found to be in violation of the terms of his conditional discharge. The court stated that the original theft charge was a Class 4 felony that carried a maximum penalty of three years' imprisonment. The court asked defendant if he understood the potential resentence, and defendant said he understood. The court accepted defendant's admission to the petition to revoke.

¶ 9        At the resentencing hearing, defense counsel argued that defendant committed a technical violation of his conditional discharge and was in a town approximately 10 miles from the

3

residence of the victims. In reply, the prosecutor noted that a different attorney had represented defendant during the plea negotiations. The prosecutor stated:

"The crux of the plea agreement was that [defendant] stay 50 miles away from the address in Adair which is where the theft took place. This was presented to us as a resolution for him not to go to prison. This was basically the main part of the plea agreement, and [defendant] very quickly decided to blow that off."

Defendant said that he understood that it was wrong for him to be in McDonough County. He indicated that he had been living outside the county but returned because his nephew was missing. The court sentenced defendant to four years' imprisonment.

¶ 10                                                     II. ANALYSIS

¶ 11                                                  A. Travel Restriction

¶ 12        Defendant first argues that his term of conditional discharge was improperly revoked on the basis that he violated the condition that he not be within 50 miles of the victims' residence. Defendant contends that this condition was unconstitutional and, therefore, void *ab initio*. Specifically, defendant contends that the travel restriction was unconstitutionally overbroad because it did not allow for any exceptions. Defendant acknowledges that he failed to preserve this issue but asks that we review it under the plain error doctrine. The first step in plain error review is determining whether a clear or obvious error occurred. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). We find that no error occurred in the instant case.

¶ 13        "[C]ourts have broad discretion to impose probation conditions, whether expressly allowed by statute or not, to achieve the goals of fostering rehabilitation and protecting the

4

public." *In re J.W.*, 204 Ill. 2d 50, 77 (2003).[2] However, the court's discretion must be exercised in a reasonable manner and is limited by constitutional safeguards—*i.e.*, the basic constitutional rights of the defendant. *Id.* "[A] restriction on a probationer's travel into a specified geographic area is reasonable and not unconstitutionally overbroad only if (1) there is a valid purpose for the restriction, and (2) there is a means by which the probationer may obtain exemption from the restriction for legitimate purposes." *Id.* at 80-81.

¶ 14    Initially, we reject defendant's assertion that the travel restriction in the instant case was void *ab initio* if it was unconstitutionally overbroad. While facially unconstitutional statutes are void *ab initio* (see *In re N.G.*, 2018 IL 121939, ¶ 50), defendant cites no authority applying the void *ab initio* doctrine to anything other than a statute. Even if we were to find that the court-imposed condition at issue violated defendant's constitutional right to travel, this would not render the condition void *ab initio*. See *People v. Smith*, 406 Ill. App. 3d 879, 887 (2010) ("Even an error of constitutional magnitude does not automatically divest the court of jurisdiction or render a judgment void.").

¶ 15    In any event, the travel restriction at issue did not violate defendant's constitutional right to travel because defendant waived this right by knowingly and voluntarily entering a fully negotiated plea agreement containing the travel restriction. "[A] waiver is an intentional relinquishment or abandonment of a known right or privilege." *People v. Lesley*, 2018 IL 122100, ¶ 36.

---

[2]While defendant was sentenced to conditional discharge rather than probation, cases involving conditions of probation apply with equal force to the instant case. The imposition and revocation of terms of probation and conditional discharge are substantially similar and governed by the same statutes. See 730 ILCS 5/5-6-1 *et seq.* (West 2018).

¶ 16    We find our supreme court's decision in *People v. Absher*, 242 Ill. 2d 77 (2011), to be instructive. In *Absher*, the defendant entered a fully negotiated guilty plea in which he received a sentence of probation that included the condition that he submit to searches of his person and residence upon the request of a probation officer and consent to the use of anything seized during such searches in court proceedings. *Id.* at 79. Officers found cocaine and marijuana in the defendant's residence during a search pursuant to this condition, and the defendant was subsequently charged with possession of a controlled substance. *Id.* The defendant filed a motion to suppress the drugs on the basis that the search violated his fourth amendment rights. *Id.* at 80.

¶ 17    The *Absher* court held that the defendant waived his fourth amendment rights by knowingly and voluntarily agreeing to suspicionless searches as a condition of probation pursuant to a fully negotiated plea agreement. *Id.* at 90-91. The *Absher* court noted that fully negotiated guilty pleas are governed by principles of contract law and that defendants generally may not unilaterally modify the terms of a fully negotiated plea agreement while holding the State to its part of the bargain. *Id.* at 87. The *Absher* court reasoned that the defendant chose to agree to probation, including the suspicionless search condition, to avoid incarceration, which would entail the complete loss of his freedom and privacy rights. *Id.* at 88. The *Absher* court noted that it was undisputed that the agreement was explained to defendant, he understood its provisions, and he freely signed the form. *Id.* at 88.

¶ 18    In the instant case, similar to *Absher*, defendant entered a fully negotiated plea agreement whereby he agreed to a sentence of conditional discharge that included the challenged travel restriction in order to avoid imprisonment, which would have entailed a complete loss of his right to travel. The State indicated at the resentencing hearing that the travel restriction "was presented to [the State] as a resolution for [defendant] not to go to prison" and that it was the

6

"crux" of the plea agreement. Thus, the plea agreement was designed to give defendant the benefit of avoiding imprisonment and the State the benefit of the geographic restriction.

¶ 19      The record shows that defendant entered the plea agreement knowingly and voluntarily. At the plea hearing, the State set forth the travel restriction as a condition of the plea, and defense counsel agreed that was the deal the parties had reached. Defendant said that he understood everything that had happened at the plea hearing and that he had authorized defense counsel to enter plea negotiations on his behalf. Defendant stated that he wished to plead guilty, and the court accepted the plea as knowingly and voluntarily made. Thus, we find that defendant knowingly relinquished his right to be within 50 miles of the victims' residence to reap the benefits of his plea agreement.

¶ 20      In reaching our holding, we acknowledge that our supreme court held in *J.W.*, 204 Ill. 2d at 81, that geographic restrictions imposed as conditions of probation are unconstitutionally overbroad where they make no provision for the probationer to obtain an exemption for legitimate purposes. While the instant case did not explicitly provide for an exemption to the travel restriction, it is distinguishable from *J.W.* because the travel restriction in *J.W.* was not part of a fully negotiated guilty plea agreement. See *id.* at 55. It was permissible for defendant to agree to give up his right to travel as a condition of his conditional discharge—even to a greater degree than would be permitted absent a fully negotiated plea agreement—in order to avoid the greater restriction on his right to travel inherent in imprisonment. See *Absher*, 242 Ill. 2d at 86 (" 'Often a big part of the value of a right is what one can get in exchange for giving it up.' " (quoting *United States v. Barnett*, 415 F.3d 690, 692 (7th Cir. 2005))).

¶ 21      We reject defendant's argument that the plea agreement did not constitute a waiver of his right to travel because (1) there were no admonishments on the record concerning the right to

travel, (2) there was no indication that defendant knew he had the right to travel within the defined area, and (3) there was no showing that defendant knew or waived the right to seek permission from the court to enter the area. Specific admonitions concerning the right to travel and seeking exemption from the travel restriction were unnecessary. Defendant clearly knew that, absent the plea agreement, he was permitted to be within 50 miles of the victims' residence. Prior to entering into the plea agreement, defendant had resided in Bushnell, which was within this geographic area. The record showed that defendant understood that, by entering the plea agreement, he would not be permitted to be in this area starting 48 hours after his release from jail until his term of conditional discharge expired. Thus, the record contained a sufficient showing that defendant intentionally relinquished his known right to travel in the designated area by entering the plea agreement.

¶ 22                                   B. Admonishment as to Sentencing Range

¶ 23        Defendant next argues that he should be allowed to withdraw his admission to the petition to revoke conditional discharge because the circuit court incorrectly admonished him as to the applicable sentencing range at the time of his admission, as required by Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003). We find that the court did not substantially comply with Rule 402A because the record does not show that defendant understood the applicable sentencing range at the time of his admission.

¶ 24        Initially, we reject the State's argument that defendant forfeited this issue by failing to object to the incorrect admonishment at the hearing on the petition to revoke or to file a motion to withdraw his admission that included the issue. This issue is not subject to forfeiture, as it would not be proper to place the onus on defendant to " ' "ensure his own admonishment in accord with due process." ' " *People v. Curry*, 2019 IL App (3d) 160783, ¶ 22 (quoting *In re*

8

*Westley A.F.*, 399 Ill. App. 3d 791, 795 (2010), quoting *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005)). Accordingly, we proceed to consider the issue.

¶ 25        Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003) provides that, in proceedings on a petition to revoke conditional discharge, the circuit court "shall not accept an admission to violation *** without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands" several enumerated admonitions. These admonitions include the sentencing range for the underlying offense. Ill. S. Ct. R. 402A(a)(6) (eff. Nov. 1, 2003). Substantial compliance with the rule is required. *Id.* "Substantial compliance involves an 'affirmative showing in the record that the defendant understood each of the required admonitions.' " *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 14 (quoting *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007)).

¶ 26        Here, the record does not demonstrate substantial compliance with Rule 402A(a) because it does not contain an affirmative showing that defendant understood the applicable sentencing range for the underlying offense when he admitted to the petition to revoke. The count of theft to which defendant pled guilty was a Class 3 felony that carried a sentencing range of two to five years' imprisonment. See 720 ILCS 5/16-1(a)(1)(A), (b)(4) (West 2018); 730 ILCS 5/5-4.5-40(a) (West 2018). Defendant was properly admonished regarding this sentencing range at the guilty plea hearing. However, at the hearing during which defendant admitted to the petition, the court advised defendant that the underlying offense was a Class 4 felony carrying a possible sentence of up to three years' imprisonment. While defendant indicated that he understood the sentencing range prior to making his admission, the record does not show which sentencing range defendant believed applied. Accordingly, the record does not demonstrate that defendant understood the correct sentencing range for the underlying offense. Notably, defendant actually received a

9

sentence of four years' imprisonment, which was greater than the maximum sentence stated by the court at the time of his admission.

¶ 27     We reject the State's argument that the record demonstrates substantial compliance with Rule 402A because defendant was correctly admonished concerning the applicable sentencing range at the guilty plea hearing, which occurred less than two months prior to his admission. The State notes that in *Westley A.F.*, 399 Ill. App. 3d at 796-97, the court held that there was substantial compliance with Rule 402A despite the circuit court's failure to admonish the respondent regarding the minimum and maximum penalties at the time it accepted the respondent's admission. The *Westley A.F.* court noted that the respondent had been advised of the possible penalties at his guilty plea hearing, which occurred less than one month before his admission. *Id.* In the instant case, unlike in *Westley A.F.*, the court did not merely fail to advise defendant as to the applicable sentencing range when it accepted his admission. Rather, the court affirmatively misadvised defendant regarding the possible penalties. Under these circumstances, we cannot infer from the earlier, correct admonitions at the guilty plea hearing that defendant understood the applicable sentencing range at the time of his admission.

¶ 28                                       III. CONCLUSION

¶ 29     Because the record does not demonstrate substantial compliance with Rule 402A, we reverse the judgment of the circuit court of McDonough County revoking defendant's conditional discharge. We remand the matter with directions that the court (1) admonish defendant in substantial compliance with Rule 402A, (2) allow defendant to withdraw his admission to the petition to revoke, and (3) to hold further proceedings consistent with this disposition, as necessary.

¶ 30     Reversed and remanded with directions.

10