**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190324-U

Order filed January 12, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Marshall County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-19-0324 |
| v. | ) ) | Circuit No. 18-CF-25 |
| MATTHEW E. MAGGOS, | ) ) | Honorable James A. Mack, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Hauptman and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court failed to substantially comply with Illinois Supreme Court Rule 402A.

¶ 2     Defendant, Matthew E. Maggos, appeals following the revocation of his probation and his resentencing to four years' imprisonment for aggravated domestic battery.  He argues that the Marshall County circuit court failed to admonish him in substantial compliance with Illinois Supreme Court Rule 402A.  We vacate and remand with directions.

¶ 3                                   I. BACKGROUND

¶ 4       On August 1, 2018, defendant was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2018)).  Following a bench trial, defendant was found guilty.

¶ 5       On March 26, 2019, defendant was sentenced to 30 months' probation subject to three conditions: (1) defendant was to immediately report to the Peoria Teen Challenge program upon release from the Peoria County jail, (2) defendant had to successfully complete that program, and (3) defendant was ordered to pay a $450 public defender fee.  Defendant was released from the Peoria County jail on March 27, 2019.  On March 28, 2019, the State filed a petition to revoke defendant's probation due to defendant's failure to report to Peoria Teen Challenge upon his release.

¶ 6       On May 17, 2019, a hearing was held on the State's petition to revoke defendant's probation, where the following exchange occurred:

          "THE COURT: The State has filed a petition to revoke your probation claiming that you violated the terms of your probation.  If the State is able to prove that, the State would have the right to at least ask that the Court resentence you under the original charge.  You have a right to have an attorney.  If you cannot afford one, I will appoint one.  Would you like me to appoint one?

          THE DEFENDANT: Yes, [Y]our Honor.

          THE COURT: All right.  I will appoint [defense counsel] who is here and who I understand has spoken to you. ***

¶ 7       At the probation revocation hearing on May 22, 2019, defendant was represented by defense counsel when he entered an open admission to having violated his probation.  The following exchange occurred at the hearing:

"THE COURT: Okay. So, [defendant], is it your intention then to plead guilty to the petition to revoke ***?

THE DEFENDANT: Yes, [Y]our Honor.

THE COURT: All right. ***

The 18-CF-25 is an aggravated domestic battery, a Class Two felony. A Class Two felony is punishable by three to seven years in the Department of Corrections, $25,000 in fines, plus costs, fees and assessments. You could also be sentenced to probation on that charge.

* * *

Is that your understanding of the underlying charges in the cases to which you are admitting the petition to revoke?

THE DEFENDANT: Yes, [Y]our Honor.

* * *

THE COURT: You understand that by admitting the petition to revoke you're giving up your right to a trial, your right to confront witnesses against you, your right against self-incrimination, and you're admitting the petition because you did, in fact, commit the violation; is that correct?

THE DEFENDANT: Yes, [Y]our Honor.

THE COURT: Have you had sufficient time to talk with [defense counsel] prior to making this admission?

THE DEFENDANT: Yes."

The court accepted defendant's admission and revoked his probation. The court sentenced defendant to four years' imprisonment.

3

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, defendant argues that the circuit court failed to substantially comply with Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003) in accepting his admission to the petition to revoke probation. The State argues that the issue was forfeited and that neither prong of the plain error doctrine applies. However, we find that this issue is not subject to forfeiture, as it would be improper to place the onus on defendant to " ' "ensure his own admonishment in accordance with due process." ' " *People v. Curry*, 2019 IL App (3d) 160783, ¶ 22 (quoting *In re Westley A.F.*, 399 Ill. App. 3d 791, 795 (2010), quoting *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005)). Having found that defendant's claim is not subject to forfeiture, we proceed to consider the issue.

¶ 10       Rule 402A(a) provides:

> "The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:
>
> (1) the specific allegations in the petition to revoke probation ***;
>
> (2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;
>
> (3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;
>
> (4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

4

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation *** so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation ***." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 11        A circuit court must substantially comply with Rule 402A in order to satisfy due process. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). Substantial compliance is "a specific and affirmative showing in the record that the defendant understood each of the required admonitions." *Id.* We review issues of compliance with Rule 402A *de novo*. *Westley A.F.,* 399 Ill. App. 3d at 796.

¶ 12        In the instant case, we find that the record supports defendant's claim that the court failed to substantially comply with Rule 402A(a). The court failed to admonish defendant of several aspects of the rule, and most crucially provided no admonishment regarding the State's burden of proof. The State argues that the record shows defendant was aware that the State had the burden of proof to establish a violation of defendant's probation. However, Rule 402A(a)(4) requires the court to specifically inform a defendant that the State must prove the alleged violation *by a preponderance of the evidence*. Since there is no indication in the record that defendant was informed of such, the court failed to substantially comply with Rule 402A(a).

¶ 13                                III. CONCLUSION

¶ 14        We vacate the judgment of the circuit court of Marshall County. We remand the matter with directions that the court (1) admonish defendant in compliance with Rule 402A, (2) allow defendant to withdraw his admission to the petition to revoke probation, and (3) to hold further probation revocation proceedings consistent with this disposition, as necessary.

¶ 15        Vacated and remanded with directions.