NOTICE

Decision filed 05/21/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230464-U

NOS. 5-23-0464, 5-23-0465 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Shelby County. |
| | ) | |
| v. | ) | Nos. 20-CF-115, 21-CF-123 |
| | ) | |
| MICHALE L. BROWN, | ) | Honorable |
| | ) | Amanda S. Ade-Harlow, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice McHaney and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court substantially complied with Illinois Supreme Court Rule 402A(a)(eff. Nov. 1, 2003) when admonishing defendant before accepting his admission to the State's petition to revoke probation, and defendant waived his argument that his attorney acted under an actual conflict of interest.

¶ 2    This is a direct appeal from the circuit court of Shelby County. Defendant pleaded guilty to failure to register as a sex offender and unlawful possession of methamphetamine. Defendant entered an open guilty plea in each case and received four years of treatment as a condition of probation for his failure to register as a sex offender, and 30 months of concurrent probation for possession of methamphetamine. On August 9, 2022, the State filed a petition to revoke probation. Defendant admitted to two paragraphs in the petition to revoke on September 21, 2022. The court sentenced defendant to concurrent terms of seven and eight years in prison with one year of

1

mandatory supervised release. On appeal, defendant argues that (1) the trial court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003), before accepting his admission to the petition to revoke, and (2) his right to conflict-free counsel was violated. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On August 9, 2021, defendant was arraigned on charges of unlawful possession of methamphetamine. The State also filed an amended information alleging that defendant committed the offense of failure to register as a sex offender, with a prior unlawful failure to register as a sex offender. During the hearing, the circuit court appointed attorney Marvin Hanson to represent defendant.

¶ 5     On August 11, 2021, the parties appeared via Zoom. The transcript noted that defendant was present in custody via Zoom. Hanson was listed as the "conflicts public defender" for defendant. Hanson appeared in the courtroom and defendant appeared by video. At the beginning of the hearing, Hanson stated: "Well, first of all, Judge, I just want to make it clear. When I was Assistant State's Attorney, I think I prosecuted Mr. Brown." The following exchange occurred:

> "MR. HANSON: Okay. My reading of the Supreme Court indicates that it can be waived by the defendant, but at this point I haven't even spoken with him so I don't know what his position is on that. Other than that, I guess we can set it for preliminary hearing.
>
> THE COURT: Let me ask you this. Are you requesting a chance to discuss this with him first before proceeding with anything further, or are you asking that he be admonished on that here in open court? Any preference on how we proceed with that?
>
> MR. HANSON: I think probably it would be better if I talk to him about it first.
>
> THE COURT: Any objection from the State?
>
> [THE STATE]: No, Your Honor.
>
> THE COURT: Is that something that perhaps when we're done here today, you would be able to go over and have that discussion?

2

MR. HANSON: I can do it right now, yes.

THE COURT: All right. So, Mr. Brown, bottom line, there is a potential of a conflict. We'll have to sort through that, determine whether Mr. Hanson can continue representing you or whether we need to appoint a different attorney for you. He's going to try to make it over to meet with you and discuss that issue with you today. I'm going to suggest rather than scheduling it for a preliminary hearing, we try to do a fairly quick turnaround on a status of counsel and determine whether we're going to get a new – need to get a new appointment.

Mr. Hanson, are you back any time soon or would you be able to appear by video for a hearing?

MR. HANSON: That or I can just come back after I talk to him this afternoon. I don't know if the—how late the court is going to run so.

THE COURT: And I'm not sure how things will play out, but I'm willing to give it a try. Let's go ahead and set it for preliminary hearing. And if we need to do something with new counsel then we'll get something scheduled in advance of that."

¶ 6 At the end of the hearing, the court set the case for a preliminary hearing on August 25 but noted: "We'll plan on having the option to recall this case later today." At the August 25, 2021, hearing, defendant waived preliminary hearing. During the hearing, Mr. Hanson represented defendant. No discussion of a conflict came up.

¶ 7 On November 17, 2021, defendant sent a letter to the court raising numerous allegations of ineffective assistance of counsel. In the letter, defendant noted, "there is a conflict of interest, being he was assist [*sic*] states attorney here that put me in prison for a prior felony charge."

¶ 8 On February 16, 2022, defendant proceeded with an open plea to both charges. The State presented a factual basis for both charges. On April 20, 2022, the matter proceeded to a sentencing hearing. The court sentenced defendant to 30 months' probation on the Class 3 methamphetamine felony charge. The court sentenced defendant to 48 months on the Class 2 failure to register as a sex offender charge. During the hearing, the court asked defendant whether he was satisfied with

the services of his attorney. Defendant responded, "Yes." Defendant did not file a motion to reconsider his sentence. Defendant did not file a motion to vacate his guilty plea.

¶ 9    The State filed a petition to revoke probation on August 9, 2022. The petition stated that defendant pled guilty to unlawful failure to register as a sex offender, with a prior unlawful failure to register as a sex offender. Defendant was sentenced to 48 months of probation. The petition indicated that defendant failed to report to probation on April 25, 2022, May 25, 2022, May 27, 2022, July 6, 2022, July 29, 2022, and August 5, 2022. The petition also alleged that defendant tested positive for methamphetamine and amphetamine on June 8, 2022, and July 21, 2022. The petition alleged that defendant failed to attend counseling, and defendant failed to attend alcoholics anonymous meetings as ordered. The petition alleged that defendant failed to participate in a home visit on August 8, 2022.

¶ 10    On August 19, 2022, the court held a hearing on the State's petition to revoke probation. Defendant appeared by Zoom. The court read the entirety of the petition to revoke on the record. The court asked defendant whether he understood the allegations in the petition to revoke. Defendant stated that he understood. The court admonished defendant that he could be resentenced on each of the underlying charges, and the court set forth the possible sentence and penalties on each charge. The court admonished as follows:

> "THE COURT: Now, sir, I want to make sure you understand that you are presumed innocent of the allegations in the petition to revoke probation. You have the right to deny those allegations. You have the right to have the State prove you guilty beyond a preponderance of the evidence. You have a right to a bench trial by a judge. You have the right to be present at all hearings. You have the right to confront and cross-examine your accusers in open court. You have the right against self-incrimination. While you are not required to, you have the right to present a defense. You have the right to call witnesses on your behalf and to subpoena those witnesses if they will not come voluntarily. You have the right to testify if you want. You have the right to a speedy bench trial or hearing. You have the right to an attorney; and if you cannot afford one and a jail sentence is possible, you have the right to a court-appointed attorney. You also have a right to represent yourself and try to resolve your case without an attorney. Do you understand your rights, sir?

4

THE DEFENDANT: Yes."

¶ 11　On September 21, 2022, defendant admitted to the petitions to revoke. At the beginning of the hearing, defense counsel advised the court that defendant was "going to admit the allegations" in paragraphs 3 and 5 of the petition to revoke. Specifically, defendant admitted that he failed to report to probation and that he tested positive for methamphetamine and amphetamine. The court admonished defendant of the allegations set forth in the petition to revoke. The court admonished defendant of the sentencing range and penalties. Defendant signed a written admission form and a waiver of hearing form. The "admission and waiver of hearing" form listed both underlying charges and noted that defendant "knowingly and voluntarily" waived his "right to a hearing on the Petition to Revoke."

¶ 12　Following tendering the form, the following admonishments took place:

"THE COURT: All right. Sir, I've been handed a written admission and waiver of hearing. It appears to be signed by you. Did you sign this document?

THE DEFENDANT: Yes, ma'am.

THE COURT: Has anyone forced, threatened, or coerced you to get you to admit those two paragraphs of the petitions to revoke?

THE DEFENDANT: No, they haven't.

THE COURT: Has anyone made you any promises I haven't been told about to get you to admit those petitions?

THE DEFENDANT: No.

THE COURT: The court will show that the defendant has knowingly and voluntarily admitted the petitions to revoke. His probation is hereby revoked."

¶ 13　Defense counsel withdrew prior to the sentencing on the petition to revoke probation. Defendant proceeded to sentencing with newly appointed counsel. On November 9, 2022, the circuit court sentenced defendant to eight years in prison on the methamphetamine charge and

5

seven years for failing to register as a sex offender. Defendant indicated that he was satisfied with the services of his attorney. Defendant filed a motion to reconsider sentence. The motion to reconsider alleged that the court failed to give due consideration to factors in mitigation. Defendant argued that his counsel failed to present factors in mitigation which may have been relevant. The motion to reconsider made no reference to a conflict of interest. On June 7, 2023, the circuit court denied the motion. This timely appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant argues that his due process rights were violated when he admitted to violating his probation, but the circuit court did not comply with Illinois Supreme Court Rule 402A. The State responds, contending that the court substantially complied with Rule 402A before accepting defendant's admission to violating probation. Defendant alternatively contends that this court should allow him to withdraw his admissions due to his attorney's conflict of interest. The State argues that defendant forfeited any claim of an actual or potential conflict of interest, never established a conflict on the record, and contradicted the conflict claim in open court. For the reasons that follow, we affirm.

¶ 16                        A. Substantial Compliance With 402A

¶ 17    We first turn to defendant's claim that the circuit court did not substantially comply with Illinois Supreme Court Rule 402A. Defendant specifically claims that the circuit court erred by failing to confirm that defendant understood the rights that he waived by admitting to the violations, failing to determine a factual basis for the admissions, and failing to determine that one of the admissions was voluntary. We disagree.

¶ 18    A probationer is entitled to the minimum requirements of due process at a revocation hearing. *People v. Harris*, 392 Ill. App. 3d 503, 508 (2009). Generally, the rules and requirements

6

of probation revocation hearings are similar to those for guilty plea hearings. *Id.* at 507. Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003) provides admonitions that must be given before a court can accept an admission to a probation violation. The goal of the Rule 402A admonitions is to make sure that respondent understands his admission, the rights he is waiving, and the potential consequences of his admission. *Harris*, 392 Ill. App. 3d at 508.

¶ 19    Specifically, Rule 402A(a) requires the trial court to address respondent personally in open court to inform him of the following and ensure he understands:

> "(1) the specific allegations in the petition to revoke probation, conditional discharge or supervision;
> (2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;
> (3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;
> (4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;
> (5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and
> (6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

The rule also requires the trial court to determine whether the admission is voluntary and that there is a factual basis for the admission. Ill. S. Ct. R. 402A(b), (c) (eff. Nov. 1, 2003). By its own terms, Rule 402A requires only substantial compliance, and substantial compliance is sufficient to satisfy due process. Ill. S. Ct. R. 402A (eff. Nov. 1, 2003); *In re Westley A.F.*, 399 Ill. App. 3d 791, 796 (2010). Substantial compliance is an affirmative showing in the record that respondent understood each of the required admonitions. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). Substantial

7

compliance may be achieved in ways other than reciting all of Rule 402A to a respondent when respondent admits to violating probation. *In re Westley A.F.*, 399 Ill. App. 3d at 796.

¶ 20    When determining whether there was substantial compliance, courts consider the entire record, which includes what transpired at earlier proceedings, to determine whether respondent understood the admonishments set out in Rule 402A(a). *Id.*; *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004). The inquiry is whether an ordinary person in respondent's position would have understood the rights being waived by entering into an admission. *Dennis*, 354 Ill. App. 3d at 496. Each case is considered on its own unique facts, with the main focus being on the length of time between the admonishments and the admission to violating probation. *In re Westley A.F.*, 399 Ill. App. 3d at 796. The trial court's compliance with Rule 402A is subject to *de novo* review. *Id.*

¶ 21    Thus, in these cases, an admission to a probation violation results in the court having discretion to choose from among a range of available penalties, and due process requires that probationer understand the available sentencing range that will apply if he admits to the violation. See *id.* at 796-97; *People v. Curry*, 2019 IL App (3d) 160783, ¶ 23; *People v. Bailey*, 2021 IL App (1st) 190439, ¶¶ 17, 27-29. Rule 402A(a)(6) protects due process by ensuring that probationer understands the potential consequences of his admission. *In re Westley A.F.*, 399 Ill. App. 3d at 796-97.

¶ 22    In this case, the State's petition to revoke alleged that defendant violated the terms of his probation. Rule 402A(a)(1) requires the trial court to address respondent personally in open court to ensure he understands the specific allegations in the petition to revoke probation, conditional discharge, or supervision. On August 19, 2022, the court held a hearing on the State's petition to revoke probation. The court read the entirety of the petition to revoke on the record. The court

8

asked defendant whether he understood the allegations in the petition to revoke. Defendant stated that he understood.

¶ 23 Rule 402A(a)(2) requires the court to ensure defendant understands that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment. At the August 19, 2022, hearing, the court advised defendant that he had the right to an attorney. The court specifically stated, "You have the right to an attorney; and if you cannot afford one and a jail sentence is possible, you have the right to a court-appointed attorney. You also have a right to represent yourself and try to resolve your case without an attorney."

¶ 24 Next, Rule 402A(a)(3) requires the court to ensure defendant understands that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence on his or her behalf. At the August 19, 2022, hearing, the court admonished defendant by stating, "You have the right to confront and cross-examine your accusers in open court. You have the right against self-incrimination. While you are not required to, you have the right to present a defense. You have the right to call witnesses on your behalf and to subpoena those witnesses if they will not come voluntarily. You have the right to testify if you want."

¶ 25 Next, Rule 402A(a)(4) requires the court to ensure that defendant understands that at the hearing, the State must prove the alleged violation by a preponderance of the evidence. At the August 19, 2022, hearing, the court stated, "Now, sir, I want to make sure you understand that you are presumed innocent of the allegations in the petition to revoke probation. You have the right to deny those allegations. You have the right to have the State prove you guilty beyond a preponderance of the evidence."

9

¶ 26    Next, Rule 402A(a)(5) requires the court to ensure that defendant understands that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge, or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf. At the beginning of the petition to revoke admission hearing, defense counsel advised the court that defendant was "going to admit the allegations" in paragraphs 3 and 5 of the petition to revoke. Specifically, defendant admitted that he failed to report to probation and that he tested positive for methamphetamine and amphetamine. The court admonished defendant of the allegations set forth in the petition to revoke. The court admonished defendant of the sentencing range and penalties. Defendant signed a written admission form and a waiver of hearing form. The "admission and waiver of hearing" form listed both underlying charges and noted that defendant "knowingly and voluntarily" waived his "right to a hearing on the Petition to Revoke."

¶ 27    Finally, Rule 402A(a)(6) requires the court to ensure that defendant understands the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge, or supervision. At both the August 19, 2022, hearing, and the hearing wherein defendant admitted the petition to revoke, the circuit court admonished defendant on the sentencing range for both underlying offenses.

¶ 28    Defendant specifically claims that the circuit court erred by failing to confirm that defendant understood the rights that he waived by admitting to the violations, failing to determine a factual basis for the admissions, and failing to determine that one of the admissions was voluntary. As outlined above, the record belies these assertions. Before admitting the petition to

10

revoke, the court specifically asked defendant whether he was forced, threatened, or coerced into admitting the petition. Defendant replied, "No." The court thus found the admission knowing and voluntarily made. Additionally, the State presented a factual basis for both of the underlying charges prior to defendant pleading guilty. Defendant seemingly suggests that the court failed to comply, where the court made many of the admonishments at the August 19 hearing, prior to the hearing in which defendant admitted to the petition. However, as noted by the State, defendants are held to have knowledge of admonishments after the hearing date on which they are provided. *People v. Hall*, 134 Ill. App. 3d 836, 843 (1985). Moreover, the approximate one-month gap does not preclude a finding of substantial compliance. See *In re Westley A.F.*, 399 Ill. App. 3d at 796-97 (describing "[l]ess than one month later" as a "short period of time," and therefore an ordinary person would have understood the admonishment).

¶ 29    Nonetheless, Illinois courts have held that a trial court can be in substantial compliance with Rule 402 even if it omits one or more of the admonitions. In *People v. Dougherty*, the court found that there was substantial compliance with Rule 402 even though the trial judge did not admonish the defendant on every provision. *People v. Dougherty*, 394 Ill. App. 3d 134, 139 (2009). The *Dougherty* court found that the trial judge substantially complied with Rule 402 because the evidence established that the defendant entered his plea voluntarily and with full understanding. *Id.* The court reasoned that the purpose of Rule 402 admonishments "is to ensure that a defendant understands his plea, the rights he has waived by pleading guilty and the consequences of his action." *Id.* at 138. Literal compliance is not mandated. *Id.* at 139. " 'Substantial compliance' means that although the trial court did not recite to the defendant, and ask defendant if he understood, all the components of Rule 402(a), the record nevertheless affirmatively and specifically shows that the defendant understood them." *Id.* at 138. Whether the standard of

11

"substantial compliance" has been met depends upon the facts of each case. *Id.* To determine whether the defendant's guilty plea was intelligently and voluntarily given in the absence of full compliance with the Rule 402 admonishments, a reviewing court may consider the entire record. *Id.* at 139.

¶ 30    In his reply brief, defendant seemingly suggests that the August 19 admonishments are faulty because they were given via Zoom hearing. However, defendant raises this argument for the first time in his reply brief. Issues and arguments raised for the first time in a reply brief are forfeited unless they are responsive to arguments on the issue of waiver. *People v. Bitner*, 89 Ill. App. 3d 1106, 1110 (1980); see also *People v. Brooks*, 377 Ill. App. 3d 836, 841 (2007). Therefore, defendant's challenge on this basis is forfeited, and we decline to address it. Accordingly, we conclude that the record as a whole establishes that the trial court substantially complied with Rule 402A.

¶ 31                              B. Conflict of Interest

¶ 32    Defendant alternatively asks this court to allow him to withdraw his admissions due to his attorney's conflict of interest. Defendant claims that he was never admonished about his right to conflict-free counsel, and he never waived the conflict. The State contends that this argument is forfeited where defendant failed to raise this claim in his motion to reconsider. For the reasons that follow, we find this issue waived, where defendant failed to raise the issue in a postplea motion.

¶ 33    It is a matter of well-settled law that the sixth amendment guarantees a defendant the right to counsel at all "critical phases" of the criminal process. *Maine v. Moulton*, 474 U.S. 159, 170 (1985). Embedded within this right is the right to counsel who does not labor under a conflict of interest. *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Illinois distinguishes attorney conflicts of interest by placing them in one of two categories: *per se* and actual. *People v. Fields*, 2012 IL

12

112438, ¶ 17. Defendant concedes that there is no *per se* conflict in this case. "To establish an actual conflict of interest, a defendant must identify an actual conflict that adversely affected his counsel's performance." *People v. Yost*, 2021 IL 126187, ¶ 38.

¶ 34　In the case before us, defendant fails to identify that any alleged conflict adversely affected his counsel's performance. Although defendant raised the conflict issue prior to pleading guilty on the underlying charges, defendant failed to raise the issue in a motion to withdraw guilty plea. Defendant never filed a motion to withdraw his guilty plea, nor did he assert any claim that he wished to withdraw his guilty plea. Any issue related to a conflict with defense counsel was raised before the trial court prior to defendant pleading guilty. Therefore, defendant was required to file a timely motion to withdraw his plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) in order to challenge any aspect of the plea or the sentence. Any constitutional claims that arose before his plea were waived. See *People v. Ratliff*, 2024 IL 129356, ¶ 24; *People v. Jones*, 2021 IL 126432, ¶ 20; *People v. Sophanavong*, 2020 IL 124337, ¶ 33 ("Given that he waived all nonjurisdictional errors by pleading guilty, defendant should not be rewarded after standing silent all these years.").

¶ 35　Defendant's act of pleading guilty forecloses any claim of error related to a conflict of interest. *Sophanavong*, 2020 IL 124337, ¶ 33. " 'It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones.' " *Id.* (quoting *People v. Townsell*, 209 Ill. 2d 543, 545 (2004)); see also *People v. Jones*, 2021 IL 126432, ¶ 20. "Plea agreements are contracts, and principles of waiver apply equally to them." *Jones*, 2021 IL 126432, ¶ 21 (citing *People v. Absher*, 242 Ill. 2d 77, 87 (2011)).

¶ 36　We find *People v. Anderson*, 2023 IL App (4th) 220357, from our colleagues in the Fourth District, instructive. In *Anderson*, the defendant appealed the revocation of her probation. *Id.* ¶ 1.

13

Specifically, the defendant challenged the circuit court's denial of her *pro se* claim that plea counsel rendered ineffective assistance in the underlying proceeding by advising her to plead guilty. *Id.* The Fourth District determined that the defendant failed to comply with Illinois Supreme Court Rule 604(d), because she failed to file a motion to withdraw her guilty plea. *Id.* ¶ 16-17. The Fourth District went so far as to find that the circuit court lacked jurisdiction over the ineffective assistance claims which arose prior to the defendant pleading guilty. *Id.* ¶ 17.

¶ 37     Similarly, here, defendant challenges an alleged conflict which took place prior to him pleading guilty on the underlying offenses. Defense counsel alerted the court of the potential conflict on August 11, 2021. At the August 25, 2021, hearing, defendant waived preliminary hearing. During the hearing, Mr. Hanson represented defendant. No discussion of a conflict came up. Later, on November 17, 2021, defendant sent a letter to the court raising numerous allegations of ineffective assistance of counsel. In the letter, defendant noted, "there is a conflict of interest, being he was assist [*sic*] states attorney here that put me in prison for a prior felony charge." However, defendant ultimately pleaded guilty on February 16, 2022, during which time he affirmatively advised the court that he was satisfied with his counsel's performance. No mention of a conflict arises again until the appeal now before us.

¶ 38     Recently, the Illinois Supreme Court in *People v. Ratliff*, 2024 IL 129356, ¶ 26, clarified that any issue not raised in a posttrial motion is "waived" on appeal. When distinguishing the difference between waiver and forfeiture, the supreme court reasoned that waiver "is never inadvertent because it is an intentional relinquishment of a right." *Id.* Because defendant failed to raise the conflict claim in either a motion to reconsider or a motion to withdraw guilty plea, the trial court did not have the opportunity to address and correct any errors. Thus, defendant's omission of the issue in any postplea motions waived consideration of it on review.

14

¶ 39     Having reviewed the record on appeal and the arguments raised by the parties, we conclude that defendant waived his actual conflict claim. Defendant's failure to file a motion to reconsider or a motion to withdraw guilty plea precludes this court from addressing his conflict claim on appeal. To relax principles of waiver and forfeiture in the present case, where defendant seeks to collaterally attack his plea agreement by claiming a constitutional violation following the admission of his petition to revoke probation, but seemingly insists on maintaining and preserving his plea of guilty, would cause an injustice, not correct it. Thus, the principles of fundamental fairness do not necessitate our review of this issue. Therefore, defendant waived any claim related to conflict when he pleaded guilty, and he again waived any such claim when he failed to raise that issue in a postplea motion.

¶ 40                     III. CONLCUSION

¶ 41     For the foregoing reasons, the judgment of the circuit court of Shelby County is affirmed.

¶ 42     Affirmed.