**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210558-U

Order filed March 30, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0558 Circuit No. 20-CF-629 |
| NYLE R. ANDERSON, | ) ) ) | Honorable Norma Kauzlarich, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices McDade and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court substantially complied with Rule 402A.

¶ 2     Defendant, Nyle R. Anderson, pled guilty to bringing contraband into a penal institution

and was sentenced to 30 months' probation. Defendant subsequently admitted to violating the

terms of his probation and was resentenced to four years' imprisonment. On appeal, defendant

asks that we vacate the judgment and remand the matter to allow defendant to withdraw his

admission to the petition to revoke his probation because the Rock Island County circuit court

failed to properly admonish him under Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003). We affirm.

¶ 3                                                     I. BACKGROUND

¶ 4        On November 19, 2020, defendant entered a fully negotiated guilty plea to the offense of bringing contraband into a penal institution (720 ILCS 5/31A-1.1(a)(1) (West 2020)). The court accepted the plea and imposed the parties' agreed sentence of 30 months of reporting probation and 180 days in jail, which was stayed pending defendant's compliance with the terms of his probation. The court admonished defendant that he faced a sentencing range of three to seven years' imprisonment. Defendant indicated that he understood the sentencing range, was choosing to plead guilty, and was not threatened or promised anything to sign the guilty plea. The court found defendant entered the plea voluntarily.

¶ 5        On May 25, 2021, the State filed a petition to revoke defendant's probation alleging, that defendant failed to report to several scheduled appointments with probation, make himself available for a home visit, obtain a substance abuse evaluation, and provide a valid address. The court appointed counsel to represent defendant.

¶ 6        On July 1, 2021, defendant admitted that he violated the terms of his probation and entered an admission to the allegations in the State's petition to revoke. A document titled "Admission of Probation Violation" appears in the record. The document is signed by defendant and dated July 1, 2021. The document states:

           "I, the undersigned, Defendant in the above entitled cause, hereby admit
           violation of my probation conditions as alleged in the Petition to Revoke (Modify)
           Probation filed May 25, 2021 in this Court.

I hereby waive my right to a Probation Revocation Hearing before a Judge of this Court, and consent to a hearing for resentencing."

¶ 7    Before the court accepted defendant's admission, the following colloquy occurred:

"THE COURT: Do you understand that you do not have to admit that you violated the terms of your probation, you can force the State to show more probably than not [that you] in fact violated the terms of your probation through a hearing. Do you understand that that is your right associated with this petition to revoke?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That by admitting that you violated that term of probation we are not having a hearing of any kind do you understand that?

THE DEFENDANT: Correct, Your Honor.

THE COURT: Is that what you wish to do?

THE DEFENDANT: Yes, Your Honor

THE COURT: Is anybody forcing you, threatening you, tricking you, promising you anything to get you to admit that you violated the terms of your probation?

THE DEFENDANT: No, Your Honor."

The court found defendant's admission to be knowing and voluntary. The State's factual basis indicated that defendant tested positive for a controlled substance,[1] failed to report to several scheduled appointments with probation, make himself available for a home visit, obtain a

---

[1]The State did not amend the petition to revoke to include the positive drug test. Defendant does not contest this issue.

substance abuse evaluation or complete any recommended treatment, and provide probation with a valid address. The court accepted the defendant's admission and found that defendant violated the terms of his probation "by way of every allegation that the State just read into the record." The court informed defendant that he faced 3 to 14 years' imprisonment if his prior criminal history made him extended-term eligible. Defendant indicated that he understood but inquired as to his eligibility for extended-term sentencing. The court responded that based on defendant's prior out-of-state conviction, extended-term sentencing was "a possibility."

¶ 8        At the conclusion of the sentencing hearing, the court sentenced defendant to four years' imprisonment. Defendant appealed.

¶ 9                                        II. ANALYSIS

¶ 10        Defendant argues that his judgment should be vacated and the matter should be remanded with instructions to allow defendant to withdraw his admission to the petition to revoke his probation because the court failed to substantially comply with Rule 402A prior to accepting defendant's admission to the petition to revoke probation. Specifically, defendant argues that the court failed to admonish defendant personally in open court and determine that defendant understood (1) the specific allegations in the petition to revoke, (2) that he had a right to a hearing with an attorney present and a right to appointed counsel, (3) that he had a right to a hearing where defendant could confront witnesses and present evidence, and (4) regarding his extended-term eligibility.

¶ 11        At the outset, we note that defendant acknowledges that he did not raise his claim in a motion to reconsider sentence but he contends that his claim is not subject to forfeiture where he is not required to preserve an improper admonishment claim, citing *People v. Bailey*, 2021 IL App (1st) 190439, ¶¶ 24-25; *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005) (where "[i]t is

4

undisputed that the circuit court failed to admonish defendant in accord with the rule.*** [I]t would be incongruous to hold that defendant forfeited the right to bring a *** claim."). The State does not address any potential forfeiture issue.

¶ 12        Rule 402A provides:

"(a) *** The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:

(1) the specific allegations in the petition to revoke probation ***;

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, *** so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse

5

witnesses,and the right to present witnesses and evidence in his or her behalf; and

> (6) the sentencing range for the underlying offense for which the defendant is on probation ***.

> (b) *** The court shall not accept an admission to a violation, or a stipulation sufficient to revoke without first determining that the defendant's admission is voluntary and not made on the basis of any coercion or promise. *** The court, by questioning the defendant personally in open court, *** shall determine whether any coercion or promises *** were used to obtain the admission." Ill. S. Ct. R. 402A(a) (b) (eff. Nov. 1, 2003).

¶ 13    The circuit court must substantially comply with the requirements of Rule 402A to satisfy due process. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). Substantial compliance entails "a specific and affirmative showing in the record that the defendant understood each of the required admonitions." *Id.* Substantial compliance may be "achieved in ways other than reciting all of Rule 402A to a respondent when the respondent admits to violating probation." *In re Westley A.F.*, 399 Ill. App. 3d 791, 796 (2010). In determining whether the circuit court substantially complied with Rule 402A, we consider the entire record, including what occurred at earlier proceedings. *Id.* Each case must be considered on its own facts, "with the primary focus on the length of time between the admonishments and the admission of the violation." *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 14. Whether reversal is required depends on whether defendant has been denied "real justice" or been prejudiced by the inadequate admonishment. *People v. Davis*, 145 Ill. 2d 240, 250 (1991). A claim that the circuit court failed to substantially comply with Rule 402A is subject to *de novo* review. *Saleh*, 2013 IL App (1st) 121195, ¶ 14.

6

¶ 14 In the present case, we find that the circuit court's admonishments substantially complied with Rule 402A. First, the record shows that, upon defendant's admission, the State recited each of the alleged probation violations stated in its previously filed petition to revoke probation and one additional violation, that defendant tested positive for a controlled substance. Following the recitation, the court acknowledged "every allegation," and thereafter defendant indicated that he understood the proceedings.

¶ 15 Second, defendant was represented by appointed counsel during his petition to revoke proceedings. Therefore, we find that the court's failure to inform defendant that he had the right to representation did not prejudice defendant because he exercised his right to counsel at the hearing in which he admitted to the allegations of the petition to revoke. See *Davis*, 145 Ill. 2d at 250.

¶ 16 Third, the court did not inform defendant that he had the right to confront witnesses and present evidence at a hearing. However, the court did admonish defendant that he had the right to have a hearing to contest the State's alleged violations. We find that this admonishment substantially complied with the rule.

¶ 17 Fourth, as to the court's admonishment regarding defendant's extended-term eligibility and sentencing range, the court did not give defendant a maximum range for an extended-term sentence prior to accepting defendant's admission. However, the court advised defendant of the standard minimum and maximum sentencing range that he faced when he pled guilty eight months prior to his admission on the petition to revoke and later indicated that he could be subject to an extended-term sentence. Given these facts, the court's failure to explicitly state the extended-term range—only part of the sentencing range that did not affect defendant's minimum possible sentence—prior to accepting defendant's admission, was sufficient to demonstrate

7

substantial compliance with Rule 402A. See *cf. Ellis*, 375 Ill. App. 3d at 1047-48 (where the court improperly admonished defendant of both the minimum and maximum sentencing range for his original offense, defendant could not enter a voluntary admission to his petition to revoke). Moreover, defendant cannot establish that he was denied real justice or prejudiced by the improper admonishment where his sentence was not more onerous than the admonishment. See *Davis*, 145 Ill. 2d at 250; see also *People v. Thompson*, 375 Ill. App. 3d 488, 494 (2007) (a defendant suffers prejudice when he receives "a more onerous sentence than the one he was told he would receive."). Defendant also cannot establish prejudice as he did not allege that he would have pursued a contested hearing if he had known that he was extended-term eligible or his maximum sentencing range prior to his admission. See *People v. Williams*, 2012 IL App (2d) 110559, ¶ 18 (to establish prejudice based upon an improper admonishment, defendant must establish that he would have pled differently if properly admonished).

¶ 18    We conclude that these facts, in conjunction with the court's admonishments that defendant had the right to a hearing to require that the State "show more probably than not" that defendant violated the terms of his probation, that by entering his oral and written admission, defendant waived his right to a hearing on the petition to revoke, and the finding that defendant's admission was voluntarily made, establishes that the court substantially complied with the requirements of Rule 402A.

¶ 19    In reaching our holding, we reject defendant's argument that the First District's decision in *Saleh* stands for the proposition that incomplete Rule 402A admonishments alone establish prejudice and a sufficient basis for reversal. See *Saleh*, 2013 IL App (1st) 121195, ¶ 14 (each case must be considered on its own facts). In *Saleh*, the court's admonishment was limited to confirmation that defendant had conversed with his attorney about the alleged probation

8

violations and defendant's desire to enter an admission. *Id.* ¶ 6. The State provided no recitation of defendant's alleged violations, and the court failed to provide any Rule 402A admonishments or determine that defendant understood the stipulation, the rights being waived, the potential consequences of the stipulation, and that defendant's admission was voluntarily made. *Id.* Thus, the appellate court found that the circuit court's failure to substantially comply with Rule 402A prejudiced defendant, requiring reversal. *Id.* ¶ 16. In contrast, the instant court provided the majority of Rule 402A admonishments and the record clearly establishes that it substantially complied with the rule.

¶ 20                                    III. CONCLUSION

¶ 21            The judgment of the circuit court of Rock Island County is affirmed.

¶ 22            Affirmed.