NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240446-U

NOS. 4-24-0446, 4-24-0447, 4-24-0450 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 11, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CARTHELL EUGENE NIBBELIN, | ) | Nos. 17CF402 |
| Defendant-Appellant. | ) | 20CF434 |
| | ) | 21CF850 |
| | ) | |
| | ) | Honorable |
| | ) | Amy L. McFarland, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Harris and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding (1) the trial court substantially complied with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) before accepting defendant's admissions to probation violations and (2) defendant's sentencing claim must be raised initially in the trial court under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024).

¶ 2    Defendant, Carthell Eugene Nibbelin, was convicted of four counts of possessing child pornography (720 ILCS 5/11-20.1(a)(6) (West 2016)) in McLean County case No. 17-CF-402 and one count of violating the Sex Offender Registration Act (SORA) (730 ILCS 150/3(a) (West 2020)) in McLean County case No. 20-CF-434. He was sentenced to probation for those offenses.

¶ 3    Defendant subsequently pled guilty to an additional count of violating SORA (730 ILCS 150/6 (West 2020)) in McLean County case No. 21-CF-850. He also admitted to violating

his probation in case Nos. 17-CF-402 and 20-CF-434. The trial court sentenced defendant to four consecutive terms of four years' imprisonment for the possession of child pornography convictions in case No. 17-CF-402 and to concurrent three-year terms of imprisonment in the other cases. The court also ordered defendant to pay costs, fines, and assessments.

¶ 4        Defendant filed a notice of appeal in each case, and this court entered an order consolidating the appeals. In this appeal, defendant contends (1) the trial court failed to admonish him in substantial compliance with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) before accepting his admissions to the probation violations in case Nos. 17-CF-402 and 20-CF-434 and (2) his trial counsel provided ineffective assistance by failing to file a certificate for waiver of court assessments in each of his three cases. We affirm the court's judgment and remand for defendant to file his claim challenging his court assessments in the trial court under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024).

¶ 5                                      I. BACKGROUND

¶ 6        In April 2017, defendant was charged with 10 counts of possessing child pornography (720 ILCS 5/11-20.1(a)(6) (West 2016)) in case No. 17-CF-402. During the pendency of the case, the trial court found defendant unfit to stand trial and ordered him to undergo treatment. Defendant was restored to fitness but was subsequently found unfit again and remanded for treatment. In June 2018, after the court again found him fit to stand trial, defendant pled guilty to four counts of possessing child pornography, and the remaining six counts were nol-prossed. The court sentenced defendant to 36 months' probation with conditions, including payment of fines, fees, and costs; registration as a sex offender; and abstinence from the consumption of alcohol.

¶ 7        In October 2018, the State filed its first petition to revoke defendant's probation, asserting he violated his probation by consuming alcohol. The State filed a second petition to

revoke defendant's probation in November 2018, again alleging he violated his probation by consuming alcohol. At a hearing in December 2018, defendant admitted the allegations of the first petition, and the State dismissed the second petition. The trial court admonished defendant in accordance with Rule 402A prior to accepting his admission. The court then sentenced defendant to a new 36-month term of probation.

¶ 8        In April 2019, the State filed a third petition to revoke defendant's probation, alleging he had been charged with failure to register as a sex offender, consumed alcohol, and failed to obtain a required alcohol and substance abuse assessment. In May 2019, the State filed a fourth petition to revoke defendant's probation, alleging defendant had violated his probation by possessing pornography and possessing a device with Internet capability without prior approval. In October 2019, defendant admitted to the allegations in the third petition concerning his alcohol use and the new charge for failure to register as a sex offender, and the fourth petition was dismissed. The trial court again admonished defendant in accordance with Rule 402A before accepting his admission. After accepting his admission, the court sentenced defendant to a new 30-month term of probation and ordered him to serve 130 days in jail.

¶ 9        In March 2020, the State filed a fifth petition to revoke defendant's probation, alleging he consumed alcohol again in violation of the terms of his probation. In May 2020, defendant was charged in case No. 20-CF-434 with two counts of violating SORA (730 ILCS 150/3(a) (West 2020)) and one count of obstructing justice (720 ILCS 5/31-4(a)(1) (West 2020)). On the same day, the State filed a sixth petition to revoke defendant's probation in case No. 17-CF-402, alleging he violated his probation by committing the offenses charged in case No. 20-CF-434 and by accessing or using a device with Internet capability without prior approval. In May 2021, the State filed a seventh petition to revoke defendant's probation in case No. 17-CF-402,

alleging he consumed alcohol, viewed pornography, and accessed a device with Internet capability without prior approval.

¶ 10    In August 2021, defendant agreed to plead guilty to one count of violating SORA in case No. 20-CF-434 and admit the violations contained in the State's sixth petition to revoke his probation in case No. 17-CF-402. The State agreed to dismiss the remaining charges and petitions to revoke defendant's probation in those cases. The parties had no agreement as to the sentence. Before accepting his admission to the probation violation in case No. 17-CF-402, the trial court again admonished defendant in accordance with Rule 402A. The court then continued the matter for sentencing.

¶ 11    In August 2021, the State charged defendant with another violation of SORA (730 ILCS 150/6 (West 2020)) in case No. 21-CF-850. During a status hearing, defendant's counsel asked the trial court to appoint a doctor to perform a fitness examination. The court ordered a fitness examination, which indicated defendant was fit to stand trial. Following a fitness hearing in November 2021, the court found defendant fit to stand trial.

¶ 12    In January 2022, a sentencing hearing was held in case Nos. 17-CF-402 and 20-CF-434. After considering the presentence investigation report, the arguments, and defendant's testimony at the hearing, the trial court stated it had "struggled with this case" but concluded it was "willing to give [defendant] one more chance." The court sentenced defendant to a new term of 24 months' probation in each case, with the original fines and costs imposed on each.

¶ 13    In September 2022, the State filed an eighth petition to revoke defendant's probation in case No. 17-CF-402 and a first petition to revoke his probation in case No. 20-CF-434. The petitions alleged defendant violated his probation on each case by committing the offense of battery or disorderly conduct.

¶ 14    In March 2023, the State filed a ninth petition to revoke defendant's probation in case No. 17-CF-402, alleging he violated his probation by committing the offense of violating SORA (730 ILCS 150/6 (West 2020)), as charged in case No. 21-CF-850. During a hearing the same day, the parties submitted an agreement disposing of the pending matters in each of the three cases. The State agreed to dismiss the eighth petition to revoke in case No. 17-CF-402 in exchange for defendant's admission to the ninth petition to revoke in that case; his admission to the first petition to revoke in case No. 20-CF-434, as amended to allege a violation based on the charge contained in case No. 21-CF-850; and his guilty plea to the offense charged in case No. 21-CF-850. The parties did not have an agreement as to the sentence. The trial court admonished defendant as follows:

"THE COURT: All right. Sir, by entering this guilty plea you give up certain rights. You have a right to persist in your guilty plea. You understand that?

THE DEFENDANT: (Nods affirmatively.) Yes, ma'am.

THE COURT: You also have a right to have a trial. That could either be by a jury trial—oh, no. Well, hold on. On a [petition to revoke], you would have a right to a hearing in this matter. And you could persist in your denial related to the [petition to revoke] as it relates to 21-8—well, let me go back. The 850 is the new charge; right?

[DEFENSE COUNSEL]: It is. That is still pending and he has never waived jury on that.

THE COURT: Okay. So I was on the right path. All right. You would have a right to a trial in that, a jury trial. You would also have a right to have a trial in front of a judge where the State would be required to meet a burden in order for

you to be found guilty. You could require the State to prove you guilty beyond a reasonable doubt.

During that trial, you would have a right to have an attorney. If you couldn't afford one, one would be appointed for you. At trial you would have an opportunity to present evidence, cross examine the State's witnesses, and bring witnesses of your own. You have a right to remain silent. That remains with you throughout the entirety of the trial. But you could also choose to testify on your own behalf if this matter went to trial. But that decision would be yours and yours alone.

By entering into this plea here today, well, in addition on the [petitions to revoke], the State would have to prove you guilty by a preponderance of the evidence in this case. But by pleading guilty here today, there wouldn't be a trial of any kind, and the State won't have to prove anything. Is that what you wish to do?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. So, and have you—do you understand that you have an attorney throughout these proceedings? And have you had an opportunity to speak with him regarding this guilty plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you satisfied with his representation?

THE DEFENDANT: Yes."

¶ 15    After the State recited a factual basis, the trial court accepted defendant's guilty plea in case No. 21-CF-850 and his admissions to the probation violations in case Nos. 17-CF-402 and 20-CF-434.

¶ 16　　　　　At the sentencing hearing in September 2023, the trial court noted defendant had a long history of mental health and substance abuse issues. The court found community-based correction resources had been exhausted, as evidenced by the nine petitions to revoke defendant's probation in case No. 17-CF-402. The court, therefore, sentenced defendant to consecutive terms of four years' imprisonment for each of the four counts of possession of child pornography in case No. 17-CF-402, a concurrent term of three years' imprisonment for violation of SORA in case No. 20-CF-434, and a concurrent term of three years' imprisonment for violation of SORA in case No. 21-CF-850. Court costs, fines, and assessments were also imposed in each case.

¶ 17　　　　　Defendant filed a separate notice of appeal in each case. This court subsequently issued an order consolidating the appeals for review.

¶ 18　　　　　This appeal followed.

¶ 19　　　　　　　　　　　　　　II. ANALYSIS

¶ 20　　　　　On appeal, defendant contends (1) the trial court failed to admonish him in substantial compliance with Rule 402A before accepting his admissions to the probation violations in case Nos. 17-CF-402 and 20-CF-434 and (2) his trial counsel provided ineffective assistance by failing to file a certificate for waiver of court assessments in each of his cases. We address defendant's arguments in turn.

¶ 21　　　　　　　　　　　　　　A. Rule 402A

¶ 22　　　　　Defendant argues the trial court's admonishments prior to his admissions to the probation violations in case Nos. 17-CF-402 and 20-CF-434 were confusing and comingled with the admonishments for his guilty plea in case No. 21-CF-850. Defendant maintains he was not informed of his right to a hearing on the petitions to revoke his probation; his right to appointed counsel; his right to cross-examine witnesses and present his own evidence; or that he would waive

- 7 -

those rights by admitting the violations, as required by Rule 402A. Defendant acknowledges he received complete admonishments when he admitted his previous probation violations in 2018, 2019, and 2021, but he contends those prior admonishments were not sufficient to show substantial compliance in this case, particularly given his serious mental health and alcohol abuse issues, which affected his memory. Defendant concludes this court should vacate the trial court's orders revoking his probation and remand for new Rule 402A admonishments and further proceedings on the petitions to revoke his probation.

¶ 23        The State argues the trial court's admonishments substantially complied with Rule 402A. Under the established standard, the record must show an ordinary person in the defendant's position would have understood the rights he was waiving and the potential consequences of the admission. According to the State, the applicable standard was met by the court's admonishments in this case and also by the admonishments on the three previous occasions when defendant admitted to probation violations. The State further contends, even if this court finds the admonishments did not substantially comply with Rule 402A, reversal of the trial court's judgment is not required because defendant was not prejudiced by any deficiency in the admonishments.

¶ 24        Rule 402A sets forth the admonishments a trial court must give before accepting a defendant's admission to a probation violation. Under Rule 402A, the court must inform the defendant and determine the defendant understands:

> "(1) the specific allegations in the petition to revoke probation, conditional discharge or supervision;
>
> (2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 25    A defendant in a probation revocation proceeding is entitled to fewer procedural rights than a defendant still awaiting trial. *People v. Hall*, 198 Ill. 2d 173, 177 (2001). The goal of Rule 402A "is to ensure [the] defendant understood his admission, the rights he was waiving, and the potential consequences of his admission." *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004). Rule 402A requires "substantial compliance." Ill. S. Ct. R. 402A (eff. Nov. 1, 2003). Substantial compliance may be found when, although the trial court did not admonish the defendant on an item listed in the rule, "the record nevertheless affirmatively and specifically shows that the defendant in fact understood that item." *Dennis*, 354 Ill. App. 3d at 495.

¶ 26        A reviewing court may consider the entire record, including the record of prior proceedings, in determining whether the defendant understood the rights listed in Rule 402A. *Dennis*, 354 Ill. App. 3d at 496. The inquiry is objective, requiring a determination of "whether, realistically, an ordinary person in [the] defendant's position would have understood, from the earlier proceedings," the rights explained in Rule 402A. *Dennis*, 354 Ill. App. 3d at 496. Whether the trial court has substantially complied with Rule 402A is a legal question, which we review *de novo*. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007).

¶ 27        Defendant contends the trial court failed to inform him of his right to a hearing, his right to appointed counsel, his right to confront the witnesses against him and to present his own evidence, and that an admission would result in waiver of those rights. In this case, the court's admonishments as to defendant's guilty plea and his probation violations overlapped and were intermingled. The court admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012), before accepting his guilty plea to violating SORA in case No. 21-CF-850, while at the same time admonishing defendant under Rule 402A on his probation revocation petitions. While the Rule 402 admonishments applied to the guilty plea, they were similar to the ones required by Rule 402A given before the court accepted defendant's admission to the probation violations. See *In re Westley A.F.*, 399 Ill. App. 3d 791, 796-97 (2010) (considering similar admonishments upon the defendant's guilty plea in determining whether the trial court substantially complied with Rule 402A in a probation revocation proceeding).

¶ 28        In its admonishments, the trial court specifically informed defendant he had a right to a hearing on the petitions to revoke his probation. In the context of the guilty plea admonishments, the court informed defendant he had the right to have an appointed attorney, cross-examine the State's witnesses, and present his own evidence and witnesses. The court also

advised defendant the State "would have to prove [him] guilty by a preponderance of the evidence" on the petitions to revoke his probation, but "by pleading guilty here today, there wouldn't be a trial of any kind, and the State won't have to prove anything." The court's admonishments were sufficient to inform defendant of his right to a hearing and that he would waive his right to a hearing if he admitted the probation violations. We believe the court's other admonishments under Rule 402 also contributed to defendant's understanding of his right to have appointed counsel, confront the witnesses against him, and present evidence, as required by Rule 402A.

¶ 29    We further note defendant was facing his ninth petition to revoke his probation in this case. Prior to this hearing, defendant had been admonished at three separate hearings in accordance with Rule 402A. Defendant does not claim those prior admonishments were incomplete or failed to comply with Rule 402A in any way. He only contends they were too remote in time to show he understood his rights. He asserts the most recent prior admonishments were given one year and seven months before this hearing, and he also contends he was less likely to remember the admonishments given his significant mental health and alcohol abuse issues. However, the applicable standard is objective. It requires a determination of "whether, realistically, an ordinary person in [the] defendant's position would have understood, from the earlier proceedings," the rights explained in Rule 402A. *Dennis*, 354 Ill. App. 3d at 496. Although the prior admonishments were not given recently, they were repeated many times. Based on these facts, we believe an ordinary person in defendant's position would have understood he was entitled to a hearing, an appointed attorney, the right to confront witnesses and present evidence, and that he would waive those rights by admitting to the probation violations.

¶ 30    We emphasize "[l]iteral compliance is preferable *** because it leaves no room for doubt or dispute." *Dennis*, 354 Ill. App. 3d at 496. In this case, it would have been preferable to

have complete admonishments in accordance with Rule 402A immediately before defendant's admission to the probation violations, separate and apart from the Rule 402 admonishments given prior to defendant's guilty plea in case No. 21-CF-850. Nonetheless, each Rule 402A case is fact-specific and "must be determined on its own peculiar circumstances." (Internal quotation marks omitted.) *Dennis*, 354 Ill. App. 3d at 496. Given these specific circumstances, we conclude the Rule 402A and similar Rule 402 admonishments given by the trial court at the hearing, taken together with the Rule 402A admonishments given on three prior occasions, were sufficient to establish substantial compliance in this case.

¶ 31        Finally, and importantly, defendant would not be entitled to reversal and remand for further proceedings even if the trial court failed to substantially comply with Rule 402A. "The failure to properly admonish a defendant, alone, does not automatically establish grounds for reversing the judgment or vacating the plea." *People v. Davis*, 145 Ill. 2d 240, 250 (1991). "Whether reversal is required for an imperfect admonishment depends on whether real justice has been denied or whether [the] defendant has been prejudiced by the inadequate admonishment." *People v. Torres*, 228 Ill. 2d 382, 399 (2008) (citing *Davis*, 145 Ill. 2d at 250).

¶ 32        Defendant does not explain how he was denied real justice or prejudiced by any deficiency in the Rule 402A admonishments. In response to the trial court's questioning, defendant confirmed he had an opportunity to speak with his attorney and he was satisfied with his attorney's representation. Defendant was on probation for possessing child pornography. One of the conditions of his probation was registration as a sex offender. The new charge in case No. 21-CF-850, alleging defendant violated SORA (730 ILCS 150/6 (West 2020)), was the basis for the probation revocation petitions. Defendant pled guilty to violating SORA at the same time he admitted to his probation violations based on that offense. Defendant does not contend his guilty

plea was involuntary or the admonishments given prior to his guilty plea were inadequate in any way. Given these circumstances, defendant cannot show he had any defense to the petitions to revoke his probation or that he was prejudiced or denied real justice by any insufficiency in the Rule 402A admonishments. Accordingly, his claim necessarily fails.

¶ 33                              B. Imposition of Assessments

¶ 34          Defendant also contends his appointed trial counsel provided ineffective assistance by failing to file a certificate for waiver of court assessments. Defendant maintains he was entitled to a waiver of assessments in the amount of $5,890, but his counsel failed to file the certificate required under Illinois Supreme Court Rule 404(e) (eff. Sept. 1, 2023) to obtain the waiver. Defendant concludes this court should remand this matter for the filing of an assessment waiver certificate and further proceedings on the waiver.

¶ 35          The State responds defendant's claim must be raised in the trial court. Under Rule 472, sentencing claims, including those involving the imposition of assessments, cannot be considered on appeal unless they were first raised in the trial court. See Ill. S. Ct. R. 472 (eff. Feb. 1, 2024). The State contends this court should decline to address this issue and, instead, remand to the trial court to allow defendant to file a motion raising this claim under Rule 472.

¶ 36          Rule 472(a)(1) allows trial courts to retain jurisdiction in criminal cases to correct certain sentencing errors, including "[e]rrors in the imposition or calculation of fines, fees, assessments, or costs," at any time following judgment. Ill. S. Ct. R. 472(a)(1) (eff. Feb. 1, 2024). The rule further provides, "No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court." Ill. S. Ct. R. 472(c) (eff. Feb. 1, 2024). If a party attempts to raise a sentencing error covered by the rule for the first time on appeal, "the reviewing court shall remand to the

circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. Feb. 1, 2024). Rule 472 is intended to limit, among other things, appeals raising monetary sentencing issues by providing trial courts with jurisdiction to address those issues for the first time after sentencing. *People v. Eason*, 2020 IL App (3d) 180296, ¶ 11.

¶ 37 Defendant contends his counsel's failure to file a certificate entitling him to a waiver of assessments is not covered by Rule 472(a)(1). However, the plain language of the rule states it applies to "[e]rrors in the imposition" of assessments. Ill. S. Ct. R. 472(a)(1) (eff. Feb. 1, 2024). This language is "broad" and "unqualified." *People v. Hinton*, 2019 IL App (2d) 170348, ¶ 7. By its plain terms, the rule is not limited to specific errors but applies to any claim of error in the imposition of assessments. *Hinton*, 2019 IL App (2d) 170348, ¶ 7. Defendant raises a claim of error in the imposition of assessments, and it falls within the broad scope of Rule 472(a).

¶ 38 Consistent with the plain language of the rule, defendant's claim must be raised by filing a motion under Rule 472 in the trial court, which has continuing jurisdiction to consider it. Ill. S. Ct. R. 472(a) (eff. Feb. 1, 2024). Therefore, we remand this matter to the trial court to allow defendant to file a motion under Rule 472. See Ill. S. Ct. R. 472(e) (eff. Feb. 1, 2024) (stating when a party attempts to raise a sentencing error covered by the rule for the first time on appeal, "the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule").

¶ 39 III. CONCLUSION

¶ 40 For the reasons stated, we affirm the trial court's judgment and remand for defendant to file a motion raising his sentencing claim under Rule 472(a).

¶ 41 Affirmed; cause remanded with directions.