2026 IL App (2d) 240688
No. 2-24-0688
Opinion filed March 10, 2026

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v. ADAM GOMEZ, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable Donald M. Tegeler Jr., Judge, Presiding.
No. 20-CF-583

PRESIDING JUSTICE KENNEDY delivered the judgment of the court, with opinion.
Justice Mullen concurred in the judgment and opinion.
Justice Jorgensen specially concurred, with opinion.

**OPINION**

¶ 1        Defendant, Adam Gomez, appeals from an order of the circuit court of Kane County that

revoked his probation and sentenced him to four years in prison for aggravated domestic battery

(720 ILCS 5/12-3.3(a-5) (West 2018)). Defendant argues that the order should be vacated and the

cause remanded because the trial court failed to sufficiently admonish him as required by Illinois

Supreme Court Rule 402A (eff. Nov. 1, 2003) before he stipulated to violating his probation. We

affirm.

¶ 2                                            I. BACKGROUND

¶ 3        On March 18, 2020, defendant was charged by indictment with two counts of aggravated

domestic battery (*id.*), two counts of domestic battery (*id.* § 12-3.2(a)(1), (2)), and one count of

criminal damage to property (*id.* § 21-1(a)(1)). On March 30, 2021, defendant waived his right to

a jury trial and entered a fully negotiated guilty plea. Defendant pleaded guilty to one count of aggravated domestic battery and one count of domestic battery in exchange for a sentence of 60 days in jail and 30 months of probation. The State nol-prossed the remaining counts.

¶ 4  The trial court's admonishments before accepting the guilty plea included this exchange with defendant:

"THE COURT: If you plead guilty, you give up certain [c]onstitutional [r]ights. You give up the right to be presumed innocent, the right to have the State prove these charges beyond a reasonable doubt.

You give up your right to a trial. Since there is no trial, you give up your right to cross-examine witnesses, produce evidence in your own defense, and use the subpoena power of the Court to compel people to testify.

Do you, in fact, give up those rights?

THE DEFENDANT: Yes."

¶ 5  After the court admonished defendant, the State provided the following factual basis. The victim would testify that she and defendant were in a dating relationship on January 1, 2020. That night, defendant became intoxicated and got into an argument with the victim. Defendant slapped the victim in the face with his right hand and then placed both of his hands around her neck and applied pressure, impeding her ability to breathe normally. Defendant also pushed the victim to the ground. Afterward, the victim had a red mark on her face and a scratch on her knee.

¶ 6  Defendant stipulated to the sufficiency of that factual basis and pleaded guilty as agreed. The court found that there was a factual basis for the plea and accepted defendant's plea as knowing and voluntary. In imposing the agreed jail and probation terms, the court noted that defendant was required to "follow all the rules of probation." That same day, defendant signed a document titled,

"Rules and Conditions of Probation," which applied to the 30-month probation period beginning March 30, 2021, and ending September 29, 2023. The document stated, among other things, that "[defendant] shall: *** [o]bey all federal and state laws and local ordinances." During the hearing, the court reiterated that (as stated in the document) defendant was to have no contact with the victim and consume no drugs or alcohol while on probation.

¶ 7    During the probation term, the State filed three petitions for adjudication of violation of probation. In the first petition, filed July 11, 2022, the State alleged that defendant violated the rules and conditions of his probation by (1) failing to report to his probation officers, (2) failing to complete recommended evaluations and treatments, and (3) smoking marijuana (defendant having admitted to the drug use). On September 1, 2022, defendant appeared *pro se*. The court read the alleged violations to defendant and appointed the public defender to represent him. The court continued the matter for a status hearing. On October 27, 2022, the court again continued the matter.

¶ 8    The State filed the second petition for adjudication of violation of probation on January 9, 2023. This petition alleged that defendant "failed to obey all federal and state laws and local ordinances," based on the fact that, on December 31, 2022, "defendant was arrested in Boone County and charged with DUI." On February 2, 2023, defendant appeared with appointed counsel. The trial court advised defendant of the new alleged violation. In the months that followed, the court repeatedly continued the matter.

¶ 9    The State filed the third petition for adjudication of violation of probation on September 11, 2023. This petition alleged that defendant failed to complete recommended evaluations and treatments. On June 7, 2024, defendant appeared with appointed counsel. At that hearing, the trial court reviewed with defendant the allegations in the three petitions. Defense counsel informed the

court that defendant had pleaded guilty to driving under the influence (DUI) and that he was awaiting a certified copy of conviction.

¶ 10    The trial court held a hearing on the State's second petition on June 27, 2024. Defendant continued to be represented by the public defender. Before the hearing, defendant signed a "Violation of Probation Disposition Order." His signature appeared just below a statement that read: "Defendant having been advised of his right to a probation violation hearing hereby waives that right and enters a 'cold' stipulation to having violated the terms of probation as alleged in the state's petition dated 1/9/23." At the hearing, this exchange took place between the court and defendant:

"THE COURT: All right. Mr. Gomez, I'm told that you're admitting to a violation of probation, that you picked up a DUI and you're convicted of DUI. Correct?

THE DEFENDANT: Correct.

THE COURT: Okay. And you realize that that violates your probation that I currently have you on [in] 20 CF 583; is that a fair statement?

THE DEFENDANT: Fair.

THE COURT: It's my understanding that the other violations that were filed are just going to be continued to see if there's any compliance?

THE DEFENDANT: I understand.

THE COURT: I'm showing you a violation disposition order. Did you sign this?

THE DEFENDANT: Yes.

THE COURT: You understand by signing that, you're admitting to the violation and you're agreeing that the State does not have to put on any proof by preponderance of the evidence that you violated and, in fact, you did violate your probation?

THE DEFENDANT: Correct.

THE COURT: And you also understand, I believe—this is, what, a Class 2?

MR. RANEY [(ASSISTANT STATE'S ATTORNEY)]: It is, Judge.

THE COURT: This being a Class 2 felony, that based on this, when I resentence you, I could sentence you up to seven years in prison. I could also just extend probation or terminate it. Do you understand that?

THE DEFENDANT: I understand."

The court then accepted the stipulation and continued the matter for sentencing.

¶ 11    The sentencing hearing was held on August 27, 2024. The trial court sentenced defendant to four years in prison, to be served at 85%, followed by four years of mandatory supervised release. Defendant filed a motion to reconsider sentence on September 19, 2024, and the court denied the motion on November 6, 2024. This timely appeal followed.

¶ 12                                  II. ANALYSIS

¶ 13    On appeal, defendant argues that the trial court's order revoking probation and sentencing defendant to prison must be vacated and the cause remanded because the trial court failed to sufficiently admonish defendant as required by Rule 402A. Defendant concedes that he did not raise this issue below but relies on *People v. Curry*, 2019 IL App (3d) 160783, to assert that his claim is not subject to forfeiture. See *id.* ¶ 22 (finding that "the defendant's claim that the [trial] court failed to admonish him in substantial compliance with Rule 402A(a) was not subject to forfeiture" because a reviewing court cannot "place the onus on [the defendant] to ensure his own admonishment in accord with due process" (internal quotation marks omitted)). As the State does not argue that the claim is forfeited, we will not consider forfeiture. See *People v. De La Paz*, 204 Ill. 2d 426, 433 (2003) (the State may forfeit a forfeiture argument).

¶ 14 On the merits, the State argues that a remand is not required because the trial court substantially complied with Rule 402A. In the alternative, the State argues that, even if the court did not substantially comply with Rule 402A, the error is not reversible because defendant has failed to argue that he was prejudiced by the error or that real justice was denied. As we will discuss, defendant does not argue specific prejudice from the allegedly faulty admonitions. His opening brief does not mention prejudice. In his reply brief, he asserts that he need not "make a specific showing of prejudice" because "the prejudice is built into the due process violation here."

¶ 15 Rule 402A governs "[a]dmissions or [s]tipulations in [p]roceedings to [r]evoke probation." Ill. S. Ct. R. 402A (eff. Nov. 1, 2003). The rule provides in relevant part:

"(a) Admonitions to Defendant. The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:

(1) the specific allegations in the petition to revoke probation, ***;

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

- 6 -

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, ***, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, ***." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 16    In general, the "requirements of probation revocation hearings are similar to those for guilty plea hearings." *People v. Harris*, 392 Ill. App. 3d 503, 507-08 (2009) (citing *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007)). Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) was adopted several decades after Illinois Supreme Court Rule 402 (eff. Sept. 1, 1970), which governs admonitions in guilty plea proceedings. "[I]n the absence of cases" addressing a particular issue in probation revocation proceedings—including the sufficiency of admonitions—courts have applied case law addressing the analogous issue in guilty plea proceedings. See *People v. Muckey*, 2025 IL App (4th) 241419, ¶¶ 21, 30 (claim that defense counsel was ineffective for failing to inform the defendant of an offer to resolve the probation revocation proceeding); *Harris*, 392 Ill. App. 3d at 506-08 (attempt to withdraw admission to probation violation); see also *Ellis*, 375 Ill. App. 3d at 1046 ("While we have found no case directly on point regarding erroneous admonitions about possible sentencing consequences during a hearing on an admission to a petition to revoke probation, cases analyzing the same issue in guilty plea hearings *** provide guidance."). Still, courts are mindful that "a defendant in a probation revocation proceeding has fewer procedural rights than a defendant awaiting trial in an original criminal proceeding." *Ellis*, 375 Ill. App. 3d at

1046. Therefore, "only the minimum requirements of due process must be followed in a probation revocation proceeding." *Harris*, 392 Ill. App. 3d at 508. This court has stated that "the goal of the Rule 402A admonitions is 'to ensure that [the] defendant understood his admission, the rights he was waiving, and the potential consequences of his admission.' " *Ellis*, 375 Ill. App. 3d at 1046 (quoting *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004)).

¶ 17 Rule 402A states that, when a defendant offers to stipulate that the evidence is sufficient to revoke probation, there must be "substantial compliance" with the admonition requirement. Ill. S. Ct. R. 402A (eff. Nov. 1, 2003). "[S]ubstantial compliance, [is] a specific and affirmative showing in the record that the defendant understood each of the required admonitions." *Ellis*, 375 Ill. App. 3d at 1046. As this court explained in *In re Westley A.F.*, 399 Ill. App. 3d 791, 796 (2010),

"Although literal compliance with Rule 402A is preferred, substantial compliance is achieved in ways other than reciting all of Rule 402A to a respondent when the respondent admits to violating probation. [Citation.] In determining whether substantial compliance was had, courts consider the entire record, including what transpired at earlier proceedings. [Citation.] Each case must be considered on its own unique facts, with the main focus being on the length of time between the admonishments and the admission to violating probation."

¶ 18 "The failure to properly admonish a defendant, alone, does not automatically establish grounds for reversing [a] judgment or vacating [a] plea." *People v. Davis*, 145 Ill. 2d 240, 250 (1991). "Whether reversal is required depends on whether real justice has been denied or whether [the] defendant has been prejudiced by the inadequate admonishment." *Id.* To show prejudice based on an inadequate admonishment, a defendant must establish that he would not have pleaded guilty if he had been properly admonished. See *People v. Williams*, 2012 IL App (2d) 110559, ¶ 18

("Here, [the] defendant does not allege that he would not have pleaded guilty. *** This defeats his claim of prejudice."). Although both *Davis* and *Williams* considered guilty plea admonishments under Rule 402, we may, for the reasons stated above, apply their holdings as we consider admonishments under Rule 402A. See, *e.g.*, *People v. Nibbelin*, 2025 IL App (4th) 240446-U, ¶ 32 (applying prejudice analysis to claim of deficient admonitions under Rule 402A), *pet. for leave to appeal granted on other grounds*, No. 131825 (Ill. Sept. 24, 2025); *People v. Blanke*, 2025 IL App (4th) 240540-U, ¶ 24 (same); *People v. Anderson*, 2023 IL App (3d) 210558-U, ¶ 17 (same). "A trial court's compliance with the admonition requirements of Rule 402A presents a legal question, which we review *de novo*." *Ellis*, 375 Ill. App. 3d at 1046.

¶ 19    Here, the State concedes that the trial court did not literally comply with the admonition requirement of Rule 402A. At the revocation hearing on June 27, 2024, the following colloquy occurred between defendant and the trial court, with defendant's appointed counsel present:

"THE COURT: All right. Mr. Gomez, I'm told that you're admitting to a violation of probation, that you picked up a DUI and you're convicted of DUI. Correct?

THE DEFENDANT: Correct.

THE COURT: Okay. And you realize that that violates your probation that I currently have you on [in] 20 CF 583; is that a fair statement?

THE DEFENDANT: Fair.

THE COURT: It's my understanding that the other violations that were filed are just going to be continued to see if there's any compliance?

THE DEFENDANT: I understand.

THE COURT: I'm showing you a violation disposition order. Did you sign this?

THE DEFENDANT: Yes.

THE COURT: You understand by signing that, you're admitting to the violation and you're agreeing that the State does not have to put on any proof by preponderance of the evidence that you violated and, in fact, you did violate your probation?

THE DEFENDANT: Correct.

THE COURT: And you also understand, I believe—this is, what, a Class 2?

MR. RANEY [(ASSISTANT STATE'S ATTORNEY)]: It is, Judge.

THE COURT: This being a Class 2 felony, that based on this, when I resentence you, I could sentence you up to seven years in prison. I could also just extend probation or terminate it. Do you understand that?

THE DEFENDANT: I understand."

On that same day, defendant signed a "Violation of Probation Disposition Order," which read: "Defendant having been advised of his right to a probation violation hearing hereby waives that right and enters a 'cold' stipulation to having violated the terms of probation as alleged in the state's petition dated 1/9/23."

¶ 20    We find that these excerpts from the record show that defendant understood the following. First, defendant understood that the petition to revoke probation alleged that he had violated his probation by pleading guilty to the charge of DUI. Second, defendant understood that he had the right to a hearing on the State's petition. Third, defendant understood that he had the right to counsel at that hearing. We find persuasive *Anderson*, 2023 IL App (3d) 210558-U, ¶ 15, which the State cites in support of the contention that, when counsel is appointed for a defendant at a revocation hearing, he thereby understands that he has a right to counsel at such hearings. See *Blanke*, 2025 IL App (4th) 240540-U, ¶ 19 (finding substantial compliance with Illinois Supreme Court Rule 402A(a)(2) (eff. Nov. 1, 2003) where "the record show[ed] that [the] defendant was

- 10 -

admonished that he had the right to counsel at previous proceedings and was in fact represented by counsel throughout the [revocation] proceedings in this matter"). Here, we presume that defendant understood that he had a right to counsel because the record shows that an assistant public defender represented him during the above colloquy.

¶ 21 Fourth, defendant understood that, at a hearing on the petition, the State would need to prove the alleged violation by a preponderance of the evidence. Fifth, defendant understood that, by stipulating to a probation violation, he would waive the right to a hearing. Sixth, defendant understood the sentencing range for the offense underlying his probation.

¶ 22 However, it is not clear from the record that defendant understood that, at a hearing on the petition, he would have had the right to confront and cross-examine adverse witnesses and to present witnesses and evidence on his behalf. The State argues that substantial compliance can be found by looking to previous proceedings, and it asks us to consider that "defendant was similarly admonished under Rule 402 when he pled guilty to the underlying offenses on March 30, 2021." We agree that courts may look to previous proceedings to establish substantial compliance with Rule 402A. See *Westley A.F.*, 399 Ill. App. 3d at 796 ("In determining whether substantial compliance was had, courts consider the entire record, including what transpired at earlier proceedings."). However, we are not persuaded that an admonishment that was given more than three years before the stipulation to a probation violation establishes substantial compliance with subsection (a)(3) of Rule 402A. Ill. S. Ct. R. 402A(a)(3) (eff. Nov. 1, 2003); see *Westley A.F.*, 399 Ill. App. 3d at 796 ("Each case must be considered on its own unique facts, with the main focus being on the length of time between the admonishments and the admission to violating probation.").

¶ 23    The State supports its contention by citing *Westley A.F.* However, there, less than one month passed between the defendant's admonishment at the initial hearing on the revocation petition and the hearing where he admitted to a violation. See *Westley A.F.*, 399 Ill. App. 3d at 796. The *Westley A.F.* court found that, because this was a "short period of time"—and because the defendant was similarly admonished when he pleaded guilty—"an ordinary person in [the defendant's] position would have understood" the admonition in question. *Id.* at 797 (citing *Dennis*, 354 Ill. App. 3d at 496). Here, in contrast, we cannot find that three years is a short period of time, and, therefore, we cannot conclude that the record shows "that the defendant understood *each* of the required admonitions." (Emphasis added.) See *Ellis*, 375 Ill. App. 3d at 1046.

¶ 24    However, a remand is not required because defendant has not alleged that he was prejudiced by the imperfect admonishment or that real justice was denied. Defendant seemingly concedes that *Williams* stands for the proposition that a defendant must allege that a deficient admonishment prejudiced him to succeed on a claim that the trial court violated Rule 402(a). See *Williams*, 2012 IL App (2d) 110559, ¶ 18; Ill. S. Ct. R. 402(a) (eff. July 1, 2012) (listing the required admonitions to a defendant before the court accepts the defendant's guilty plea). But defendant goes on to assert that "[t]he rule implicated here, Rule 402A, is a separate and distinct rule from 402(a)" and "nothing in Rule 402A itself *** requires the defendant to make a specific showing of prejudice." We find this argument to be meritless. As noted above, we are guided by case law on the sufficiency of admonitions in guilty pleas. That case law—and the recognition that a defendant in a probation revocation proceeding has fewer procedural rights than a defendant awaiting trial in an original criminal proceeding (see *Ellis*, 375 Ill. App. 3d at 1046)—leads us to reject defendant's argument that he need not allege that he was prejudiced by the deficient admonishments in this case.

¶ 25　However, defendant argues that this court in *Ellis* "explicitly reject[ed] the State's claim that 'an imperfect admonition is not reversible error unless real justice has been denied or the defendant has been prejudiced by the incorrect admonition' " (quoting *id.* at 1047). We disagree. In *Ellis*, we addressed the State's argument that the prejudice analysis in Rule 402 cases should be applied in the Rule 402A context:

> "The State points to the rule that, in the Rule 402 context, an imperfect admonition is not reversible error unless real justice has been denied or the defendant has been prejudiced by the incorrect admonition, citing to [citation]. The State argues that this rule, in combination with the acknowledgment that a defendant in a probation revocation proceeding is entitled to fewer procedural rights than a defendant facing trial, mandates a finding that the trial court's admonitions were in substantial compliance with Rule 402A. We disagree." *Id.* at 1047-48.

¶ 26　Thus, curiously, the State's argument in *Ellis* began with an assertion of lack of prejudice and ended with an assertion of substantial compliance (a question that, logically, would precede the question of prejudice). In any event, we did not disagree in *Ellis* with the *proposition* that, under Rule 402A, "an imperfect admonition is not reversible error unless real justice has been denied or the defendant has been prejudiced by the incorrect admonition." *Id.* at 1047. Rather, we rejected the State's *fact-specific* conclusion that the "trial court's admonitions were in substantial compliance with Rule 402A." *Id.* at 1048. Specifically, we concluded that there was no substantial compliance with Rule 402A where the trial court, both in the revocation proceeding and the underlying proceeding, misstated the minimum sentence for the offense. *Id.* As we explained in *Williams*:

"[T]his court [in *Ellis*] was not called on to consider whether real justice had been denied or whether the defendant had been prejudiced by the incorrect admonition. Although the State cited that principle in *Ellis*, it did so in combination with the principle that a defendant in probation revocation proceedings is entitled to fewer procedural rights than a defendant facing trial, and only to argue that the trial court substantially complied with Rule 402A." *Williams*, 2012 IL App (2d) 110559, ¶ 19.

¶ 27 Defendant cites other cases involving inadequate Rule 402A admonishments, but none mentioned prejudice or made any declarations that would preclude a prejudice analysis in Rule 402A cases (possibly, the State simply failed to argue lack of prejudice). See *Curry*, 2019 IL App (3d) 160783, ¶¶ 22-23; *People v. Saleh*, 2013 IL App (1st) 121195, ¶¶ 16-17; *People v. Marion*, 275 Ill. App. 3d 494, 496-97 (1995). Therefore, those cases are not instructive. By contrast, clear guidance is found in *Blanke*, 2025 IL App (4th) 240540-U, ¶ 24, and *Anderson*, 2023 IL App (3d) 210558-U, ¶ 17, both of which applied a prejudice analysis to a claim of inadequate Rule 402A admonishments.

¶ 28 Of particular guidance is *Nibbelin*, 2025 IL App (4th) 240446-U, which bears some important factual similarities to this case. There, the defendant pleaded guilty to possessing child pornography and was sentenced to probation, which required him to register as a sex offender. *Id.* ¶ 6. Later, the State charged the defendant with violating the Sex Offender Registration Act (Act) (730 ILCS 150/3(a) (West 2020)) and also brought a petition alleging that he violated his probation by violating the Act. *Nibbelin*, 2025 IL App (4th) 240446-U, ¶¶ 11, 14. At a combined hearing, the defendant (1) pleaded guilty to violating the Act and (2) stipulated to violating his probation by violating the Act. *Id.* ¶¶ 14-15. On appeal, the defendant argued that the trial court's Rule 402A admonitions were inadequate. *Id.* ¶ 22. The Fourth District held that the admonitions were

- 14 -

substantially compliant. *Id.* ¶ 30. Alternatively, the court held the defendant failed to establish prejudice from any deficiency:

> "[The] [d]efendant does not explain how he was denied real justice or prejudiced by any deficiency in the Rule 402A admonishments. *** [The] [d]efendant was on probation for possessing child pornography. One of the conditions of his probation was registration as a sex offender. The new charge ***, alleging [the] defendant violated [the Act] [citation], was the basis for the probation revocation petitions. [The] [d]efendant pled guilty to violating [the Act] at the same time he admitted to his probation violations based on that offense. [The] [d]efendant does not contend his guilty plea was involuntary or the admonishments given prior to his guilty plea were inadequate in any way. Given these circumstances, [the] defendant cannot show he had any defense to the petitions to revoke his probation or that he was prejudiced or denied real justice by any insufficiency in the Rule 402A admonishments. Accordingly, his claim necessarily fails." *Id.* ¶ 32.

¶ 29 Here, although the trial court's Rule 402A admonitions were not substantially compliant, defendant does not explain how he was prejudiced or denied real justice by the deficient admonitions. Most critically, he does not assert that he would not have stipulated to the probation violation if he had been admonished properly. See *Williams*, 2012 IL App (2d) 110559, ¶ 18. Moreover, as in *Nibbelin*, we cannot conceive how the result would have been different if defendant had proceeded with a contested hearing here. The State's revocation petition alleged that, by committing DUI in Boone County, defendant violated the probation term that he remain law-abiding. Defendant does not suggest that his guilty plea in Boone County was not valid. Thus, defendant would have had no plausible defense had he contested the State's revocation petition.

As such, we fail to see how even perfect, literal compliance with Rule 402A would have changed the result here.

¶ 30 In closing, we sympathize with the frustration of the Fourth District panel in *Blanke*, 2025 IL App (4th) 240540-U, ¶ 25:

"Although we have affirmed by concluding that there was substantial compliance with Rule 402A and defendant was not denied real justice, this issue should never have arisen. A circuit court should *always explicitly comply* with Illinois Supreme Court Rule 402 (eff. July 1, 2012) and Rule 402A governing guilty pleas and admissions to probation violations. The minimal time required to make complete admonishments can avoid the unnecessary expenditure of resources at the appellate level to address the consequences of an omission." (Emphasis in original.)

¶ 31                                    III. CONCLUSION

¶ 32 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 33 Affirmed.

¶ 34 JUSTICE JORGENSEN, specially concurring:

¶ 35 While I agree with the majority's analysis and conclusion that there was no substantial compliance with Rule 402A admonishments here, I write separately to articulate the juxtaposition between a circuit judge's obligations pursuant to Rule 402A and the circuit judge's failures here. See Ill. S. Ct. R. 402A (eff. Nov. 1, 2003). Moreover, I echo the frustration expressed by the court in *People v. Blanke*, 2025 IL App (4th) 240540-U.

¶ 36 First, my colleagues are generous to find that defendant was properly admonished that he had the right to a hearing on the alleged violations of probation. The court's reliance on the language from the "Violation of Probation Disposition Order" (Order) stating, "defendant having

- 16 -

been advised of his right to a probation violation hearing" is improper, where defendant was not told, personally and in open court, that he had a right to a hearing. More importantly, defendant was not told that at any such hearing he had the right to confront and cross-examine adverse witnesses and the right to present his own witnesses and evidence. This was required under Rule 402A. Ill. S. Ct. R. 402A (eff. Nov. 1, 2003). Thus, reliance on defendant's signature on the Order to find that he understood and waived his rights is lackluster when viewed in the context of the circuit court's failure to admonish defendant of those rights. In other words, I would not infer defendant understood the rights of which he was not informed, and he cannot waive rights of which he was not aware.

¶ 37    Upon a revocation of his probation, defendant stood to be resentenced on a Class 2 felony, yet he was not fully admonished as to the applicable sentencing range. Sentencing range is the potential minimum and maximum sentence to which a defendant may be sentenced. Here, there was a nominal mention of the sentencing minimum ("I could also just extend probation or terminate it."), no admonishment regarding the duration of a new sentence to probation or conditional discharge, nor any explanation of the applicability and confines of extended-term sentencing. Significantly, there was also no mention of the application or duration of mandatory supervised release (MSR), which is particularly onerous here as defendant was later resentenced to imprisonment followed by four years of MSR.

¶ 38    Next, here, there was no inquiry of defendant, personally and in open court, regarding whether his admission to the probation violation was voluntary and not made based on any coercion or promise. The court again improperly relied on the Order, which stated that he "enter[ed] a 'cold' stipulation to having violated the terms of probation," to infer that 'cold' meant without promise or coercion. The court's failure to specifically inquire of defendant about his

admission was not in substantial compliance with Rule 402A to ensure that his admission is voluntary. See *id.*

¶ 39 Finally, particularly here, I share the frustration expressed by the court in *Blanke*, 2025 IL App (4th) 240540-U, ¶ 25. This court is not unsympathetic to busy criminal court calls. However, "[a] circuit court should *always explicitly comply* with Illinois Supreme Court Rule 402 (eff. July 1, 2012) and Rule 402A governing guilty pleas and admissions to probation violations." *Id.* It is the obligation of a circuit judge to properly admonish *every* defendant on *all* parts of Rule 402A before accepting an admission to a violation of probation. "The minimal time required to make complete admonishments can avoid the unnecessary expenditure of resources at the appellate level to address the consequences of an omission." *Id.*

¶ 40 For these reasons, I write separately from the majority.

---

*People v. Gomez*, **2026 IL App (2d) 240688**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 20-CF-583; the Hon. Donald M. Tegeler Jr., Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Christopher McCoy, and Zachary Wallace, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Jenna Seaver, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---